404 So.2d 977 (1981)
STATE of Louisiana
v.
Chester GREEN.
No. 81-K-1087.
Supreme Court of Louisiana.
September 28, 1981.
*978 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Michael W. Campbell, Asst. Dist. Attys., for plaintiff-relator.
Douglas Wilson, New Orleans, for defendant-respondent.
LEMMON, Justice.[*]
We granted the state's application to review the trial court's ruling which suppressed evidence of an armed robbery seized in a warrantless search. 400 So.2d 681 (La.). We now reverse.
Facts:
The victim was held up at knifepoint while riding in the robber's automobile, after accepting a ride home from work. His call to the police related the vehicle's general description and license number. The police immediately determined that the license had been issued to defendant, Chester Green, of 3405 Urquhart Street in New Orleans. Officer McCaffery then proceeded to that location, where he observed on the street an unlocked vehicle fitting the general description. At McCaffery's request the victim was transported to defendant's residence, where he identified the parked vehicle as the one in which the robbery occurred.
In order to identify the interior of the car McCaffery shined a flashlight through the car's closed windows, illuminating the inside of the automobile and revealing the unique design of the interior. The victim confirmed his previous identification. While looking at the interior, McCaffery and the victim also observed a knife on the floorboard of the driver's side, and the victim identified the knife as the one used in the robbery. McCaffery then opened the door of the vehicle and retrieved the knife.
While McCaffery was still on the scene, defendant came out of the house and claimed the vehicle, identifying himself as Chester Green. McCaffery had the victim brought back to the scene, where the victim identified defendant as his assailant. The police arrested Green and searched his person. They found some money, but only seized $52.00, which was the amount reported as stolen by the victim.
Seizure of the Knife:
The state contends that the officer had probable cause to search the vehicle and that exigent circumstances justified immediate search and seizure without a warrant.
While a person's privacy interest in an automobile (particularly when the vehicle is parked unlocked on the street) is less than his privacy interest in his home, probable cause to search a vehicle is not alone sufficient to dispense with the requirement of a warrant. A warrantless search of an automobile parked on a public roadway is justified only when the police have probable cause to search and the circumstances require immediate action. A search of the inherently mobile object without a warrant may be justified, particularly when the owner may have been alerted, because of the possibility of movement or destruction of evidence while a warrant is being obtained. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). *979 Furthermore, if probable cause and exigent circumstances exist which justify the search, then the officer may also seize evidence found within the car, as there is no appreciable difference in the degree of intrusion. Chambers v. Maroney, above.
In the present case the police officer had probable cause to search defendant's car, which was solidly linked to the recent robbery by the license number and description provided by the victim and by the victim's subsequent identification. Furthermore, the officer was faced with exigent circumstances requiring that he either seize and hold the vehicle before presenting the probable cause issue to a magistrate or carry out an immediate search without a warrant. The unlocked vehicle was parked during the early morning hours on a public road, accessible to anyone who might have reason to move it or remove evidence from it. Since the knife, visible to a passerby with a flashlight, might have been retrieved by the robbery suspect or some other person, there was immediate danger of loss of evidence and possible danger to the public.
Under the overall circumstances the officer's decision to conduct an immediate limited search and seizure was reasonable and justified.
Seizure of the Currency:
While McCaffery was waiting for a tow truck to carry off the vehicle positively identified by the victim as the one driven by his assailant, defendant claimed the vehicle, identifying himself as Chester Green. Defendant's name, address and ownership of the vehicle had already been established by a computer check, and defendant was positively identified as the robber when the victim returned to the scene. McCaffery then arrested and searched defendant, seizing currency from his wallet as evidence of the robbery.
Defendant was lawfully arrested, based on clearly established probable cause. As an incident to a lawful arrest a police officer may conduct a warrantless search of the arrestee's person. United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); State v. Williams, 398 So.2d 1112 (La.1981); State v. Gibson, 391 So.2d 421 (La.1980). We conclude that the currency was lawfully seized.
Decree
The judgment suppressing the evidence is reversed, and the motion to suppress is denied. The matter is remanded for further proceedings.
DENNIS, J., concurs with reasons.
DENNIS, Justice, concurring.
I respectfully concur.
Although the majority opinion does not make mention of it, this court in a unanimous opinion has previously considered the law and applied it to a similar situation almost identical to the present case. In State v. Lewis, 378 So.2d 396 (La.1979) we observed:
"[A] clear rule for determining when the police may invoke the automobile exception has yet to be fashioned by a majority of the high court. A plurality in Coolidge [v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564] stated that the lack of a warrant invalidated a search of the car after it was seized from the defendant's driveway under circumstances in which there was no possibility that the car would be moved or any evidence destroyed. Therefore, `no possible stretch of the legal imagination [could make the case into one] where "it [was] not practical to secure a warrant."' Coolidge, supra, 404 U.S. at 462, 91 S.Ct. at 2036. A different plurality in Cardwell v. Lewis, 417 U.S. 583, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974), however, approved a warrantless seizure of an automobile for the purpose of inspecting its exterior and tires, and obtaining paint scrapings, emphasizing that the auto, unlike the Coolidge car, `was seized from a public place where access was not meaningfully restricted. 417 U.S. at 593, 94 S.Ct. at 2470, [41 L.Ed.2d 325.]'" Id. 398.
In State v. Lewis, supra, we concluded that although the automobile exception is *980 uncrystallized, the facts of that case brought the search there within its ambit. Our remarks on that occasion are equally applicable here:
"The automobile was parked in a public place, a city street outside defendant's Berry's apartment. It was therefore accessible to anyone who might have a reason to move it or remove evidence from it, including defendant Berry's common-law wife whom the police had no probable cause to arrest and allowed to remain at the apartment. Thus, the officers were faced with exigent circumstances requiring that they elect one of the two courses `reasonable under the Fourth Amendment.' Chambers, supra, 399 U.S. at 52, 90 S.Ct. 1975, [at 1981], either immobilize the car until a warrant is obtained or carry out an immediate search without a warrant. Under all of the circumstances, the election of the latter reasonable course by the officers does not require that we invalidate their search." Id. at 399.
NOTES
[*] Judges E. J. Guidry, Jr. and G. William Swift, Jr. of the Third Circuit Court of Appeal and Robert J. Klees of the Fourth Circuit Court of Appeal participated in this decision as justices ad hoc along with Associate Justices Calogero, Dennis, Watson and Lemmon.