441 So.2d 200 (1983)
STATE of Louisiana
v.
Randolph C. REDFEARN.
No. 82-KA-1743.
Supreme Court of Louisiana.
October 17, 1983.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Marion B. Farmer, Dist. Atty., John J. Williams, Jr., Abbott J. Reeves, Jr., Asst. Dist. Attys., for plaintiff-appellee.
*201 S. Austin McElroy, Office of Indigent Defender, Covington, for defendant-appellant.
BAILES, Justice Pro Tempore[*].
Randolph C. Redfearn was originally charged with aggravated burglary in violation of La.R.S. 14:60 and with armed robbery of Doris P. Smith in violation of La. R.S. 14:64. The grand jury returned a true bill on the armed robbery count. Initially, defendant pleaded not guilty to the armed robbery charge. Pursuant to a plea bargain agreement, defendant withdrew his former plea of not guilty and entered a plea of guilty of armed robbery, reserving his right to appeal the trial court's rulings denying his motions to suppress a confession and physical evidence. After waiving the legal delay, defendant was sentenced to serve fifteen years at hard labor without benefit of parole, probation or suspension of sentence.
Five days later, on January 13, 1981, a bill of information was filed pursuant to the Habitual Offender Law, La.R.S. 15:529.1, accusing defendant of two prior convictions under the laws of Texas which would be a felony if committed in this state. The defendant filed a motion to quash the multiple offender bill on the ground that it violated the plea bargain. On April 7, 1981, the trial judge denied the motion to quash. Defendant thereafter pleaded guilty, reserving his right to appeal the court's ruling on the motion to quash. He was sentenced to serve twenty-one years at hard labor which is to be served concurrently with the prior fifteen-year sentence on the armed robbery conviction. On appeal, defendant relies on five assignments of error.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
Defendant contends the trial judge erred in denying the motion to suppress physical evidence obtained from his automobile allegedly in violation of defendant's fourth amendment right to be secure against an unreasonable search and seizure. He further argues that the confession he gave after being confronted with the physical evidence that was allegedly seized unconstitutionally also should have been suppressed.
After returning from grocery shopping on September 15,1980, Mrs. Smith noticed a suspicious looking vehicle parked in front of her house. Before entering the house, she wrote down the license plate number of the vehicle on the back of her grocery list. Mrs. Smith then went into her house where she was robbed of her jewelry and silver. The suspect fled in the car that was parked in front of the house.
Mrs. Smith gave Covington police a description of the robber's car and its license plate number and informed them that the suspect wore a stocking mask during the incident. Approximately two hours later, two officers observed the vehicle parked in front of a bar in Covington. The officers approached and ordered the defendant and a companion, Kenny Revere, out of the car. Defendant was taken to police headquarters and the car was towed to the police department pound. Prior to the release of the car to defendant's father, police officers conducted a warrantless search for evidence and found a stocking mask and a pistol. After being confronted with these items, defendant confessed to the robbery.
The fourth amendment of the United States Constitution and art. 1, § 5 of the Louisiana Constitution of 1974 protects every person against unreasonable searches and seizures. Warrantless searches are per se unreasonable. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Guzman, 362 So.2d 744 (La.1978). Absent a warrant, the state has the burden of proving that the search is justified by one of the exceptions to the warrant requirement. La.Code Crim.P. art. 703(D).
The exception at issue in this assignment of error is the "automobile emergency exception." See Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1929); Guzman, supra. The United States Supreme *202 Court has held in Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), and its progeny that "when police officers have probable cause to believe there is contraband inside an automobile that has been stopped on the road, the officers may conduct a warrantless search of the vehicle, even after it has been impounded and is in police custody." Michigan v. Thomas, 458 U.S. 259, 102 S.Ct. 3079, 73 L.Ed.2d 750 (1982); See U.S. v. Ross, 456 U.S. 798, 807 n. 9, 102 S.Ct. 2157, 2163, n. 9, 72 L.Ed.2d 572 (1982); Texas v. White, 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975). Similarly, this court has held that a "warrantless search of an automobile parked on a public roadway is justified only when the police have probable cause to search and the circumstances require immediate action." State v. Green, 404 So.2d 977, 978 (La.1981). See also State v. Cunningham, 412 So.2d 1329 (La.1982); State v. Nieto, 395 So.2d 733 (La.1981).
In the instant case, the police officers had probable cause to search defendant's car, which was solidly linked to the recent robbery by the license number and description provided by the victim. Furthermore, the circumstances warranted immediate action. The vehicle was parked on a public street in front of a local tavern. It was accessible to anyone who might have a reason to move the vehicle or remove evidence from within. Defendant's friend, Kennry Revere, was left at the scene of the arrest. In addition, defendant requested that his father be notified to retrieve the car. Given these circumstances, the officers could have conducted a constitutionally permissible search of the vehicle at the time of the arrest.
The arresting officer testified that he chose not to search the car on the scene because the location was dangerous. Instead, the car was impounded and then searched. Given that a warrantless search on the scene would have been constitutional, the later search at the police pound is also constitutional. The motion to suppress the physical evidence obtained from the warrantless search of defendant's impounded car was properly denied. Therefore, the first assignment of error is without merit.
Defendant's second assignment of error is that the trial judge erred in denying the motion to suppress a confession made by defendant after he was confronted with the above physical evidence. Because we hold that the physical evidence was properly seized, the confession is not tainted by its connection with these items. The motion to suppress was correctly denied and defendant's second assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the institution of multiple offender proceedings against him by the St. Tammany Parish District Attorney's Office is a breach of a plea bargain agreement, and, therefore, the trial court erred[1] in denying his motion to quash the proceedings on this ground.
In the seminal case of Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), the United States Supreme Court enunciated the rule that "when a plea rests in any significant degree on a promise or agreement of the prosecutor so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." This court has also held that due process is denied when the state fails to comply with its agreements that induced a defendant to plead guilty. See State v. Hayes, 423 So.2d 1111 (La.1982); State v. Jones, 398 So.2d 1049 (La.1981); State v. Niette, 363 So.2d 425 (La.1978).
In the instant case, the record indicates that the plea agreement was discussed before *203 Judge Tanner at the January 8, 1981 hearing. As stated by counsel for defendant, the agreement is as follows:
The State has, also, agreed as part of the plea agreement that they will nolle pross and/or refuse any other companion charges that are counter parts to this armed robbery. That is burglary or anything else that's similar that would rely on the same facts.
The assistant district attorney's understanding of the agreement was also enunciated at this hearing:
Your Honor, I would like to clarify for the record upon arrest the defendant was charged with aggravated burglary and armed robbery. That was brought to the Grand Jury; they returned a true bill on the armed robbery. The State, as Mr. Mercer has stated is correct, has agreed not to pursue the aggravated burglary because of the plea to armed robbery.
....
I, also, would like to reflect what was just spoken of is the extent of any agreement. There is no other agreement between the State and the defendant other than what was just put into the record just now.
This plea arrangement and the entry of a plea of guilty to armed robbery occurred on January 8, 1981. Five days later, on January 13, 1981, the multiple offender bill was filed. The same trial judge before whom the plea agreement was negotiated denied defendant's motion to quash the multiple offender bill. Thereafter, defendant pleaded guilty to this charge, reserving his right to appeal the court's ruling on the motion to quash.
On appeal, the state contends that its agreement with defendant was limited to the armed robbery and aggravated burglary charges. At the hearing on the motion to quash the multiple offender bill, Mr. Williams, the assistant district attorney for St. Tammany Parish, insisted that "the State circumscribed their agreement with Mr. Mercer and the defendant to limit it only to the issue of aggravated burglary and armed robbery. Nowhere does it mention there anything about a multiple offender bill." According to the state, it did not agree to refrain from filing a multiple offender bill.
Defendant vigorously disagrees with the state's construction of the agreement. According to defendant, the agreement that was reached in Judge Tanner's chambers and then restated in open court for the record clearly prohibits the institution of the multiple offender proceeding. As stated by defense counsel at the time of the plea, the state agreed to refuse any companion charges or "anything else that is similar that would rely on the same facts." Since a multiple offender conviction must necessarily rely on the conviction for armed robbery, it is contrary to the agreement. However, the parties also agreed to a recommendation of a fifteen-year sentence; according to defendant, since the multiple offender proceeding seeks a sentence that is more onerous than the one agreed to, it is clearly contrary to the agreement.
We find that the institution of multiple offender proceedings is contrary to the plea agreement. Although the prohibition on filing a multiple offender bill was not expressly stated on the record when the plea was entered, we are persuaded by Judge Tanner's remarks at the hearing on the motion to quash that this was the true nature of the agreement. The arrangement was made in Judge Tanner's chambers and according to him "it was the Court's understanding and I think it was yours that that was the end of the matter at that time. In other words, that you weren't going to file any other bill."

DECREE
Accordingly, we affirm the trial court's rulings on the motions to suppress physical evidence and confessions and reverse defendant's adjudication as a multiple felony offender and vacate his sentence on this charge.
NOTES
[*] Bailes, J. sitting for Justice Marcus.
[1] Defendant's final two assignments of error also relate to the trial judge's conduct at the hearing on the multiple offender bill. Assignment of Error No. 4 is that the defendant's guilty plea to the bill should be vacated because he was not properly Boykinized prior to the court's acceptance of the plea. See State v. Martin, 427 So.2d 1182 (La.1983). Assignment of Error No. 5 is that the sentence of twenty-one years at hard labor which is to run concurrently with the prior sentence is in violation of La.R.S. 15:529.1. Because of our resolution of Assignment of Error No. 3, we need not reach these issues.