DOMENGEAUX, Judge.
The defendant, Alvin Sam, was charged by bill of information with theft over $500.00, a violation of La.R.S. 14:67. The defendant entered a plea of not guilty, proceeded to trial before a six member jury, was found guilty by unanimous verdict, and was sentenced to six years at hard labor. The defendant has brought this appeal contesting both the conviction and sentence.[1]
FACTS
On September 29, 1983, Lana Deville,.a teller at a branch location of the Evangeline Bank in Ville Platte, deposited an envelope containing various banking transactions in the mechanical canister at the drive-in window of the main location of Evangeline Bank. Among other items, this envelope contained about twenty checks. One of these checks was a Cabot Corporation payroll cheek made payable to Charles R. Veillon in the amount of $876.30. This check had already been signed by Mr. Veil-Ion. Although this envelope was placed in the mechanical cart at the drive-in window, Miss Deville did not wait to see if the teller had received it.
Mae Gloria Richard testified at trial that she went to the drive-in window at the main location of Evangeline Bank on Sep *910 tember 29, 1983, to withdraw money from her savings account. When the teller sent out the mechanical cart with Miss Richard’s money in it, there was also a plain white envelope in the cart. Miss Richard took both the money and the envelope and drove away. Upon opening the envelope later that evening, Miss Richard noticed the checks inside. About a week later, Miss Richard spoke, to her neighbor, Ray-ford Jack, about obtaining a reward for the checks. Following this discussion, Rayford Jack took the check that was made payable to Charles R. Veillon.
After holding the check for a few days, Rayford Jack testified that he went to the defendant’s house, and around 10:00 o’clock that morning the two men proceeded to American Security Bank where the defendant had a savings account. The defendant drove to the drive-in window and deposited the check. The records of American Security Bank indicate that this deposit was made on October 7,1983, and consisted of $16.00 in currency and a check in the amount of $876.30.
Rayford Jack also testified that thirty minutes later the two men returned to the bank where the defendant withdrew $200.00. The bank records indicate that within eleven days, the defendant had withdrawn all but $2.30 of the amount of the deposit.
ASSIGNMENT OF ERROR NO. 1
The defendant contends the trial court erred in denying the defendant’s motion to suppress the introduction into evidence of the bank book, which the defendant claims was seized from his person without a search warrant and without probable cause. The bank book was seized by Detective Soileau while the defendant was at the Ville Platte City Police Station. The defendant contends that he was not under arrest when the bank book was taken.
At the hearing on the motion to suppress the introduction of the defendant’s bank book, Detective Soileau of the Ville Platte City Police Department testified to the events leading to the defendant’s arrest and the following seizure. The police officers went to the defendant’s residence and requested his presence at the police station to talk about a forgery. According to Detective Soileau, the defendant was arrested at the police station, booked, and as a part of the normal procedure the defendant was asked to take all of his personal belongings out of his pockets and put them in an envelope. One of the items secured in this manner was the defendant’s bank book which was taken into possession as being incidental to arrest and evidence of the crime.
However, at the hearing on the motion to suppress, the defendant testified to a different series of events occurring at the police station. The defendant maintained that he was not under arrest at the time the bank book was. taken. The defendant testified that he was looking for a piece of paper on which to write a phone number when he took out his bank book and Officer Soileau seized it. The defendant claims that he was not arrested until a few hours after the seizure of the bank book.
Obviously, the testimony of the defendant contradicts the testimony of Officer Soileau. The determination of the credibility of these two witnesses is a function of the trier of fact. State v. Robertson, 421 So.2d 843 (La.1982). In the present case the jury found the testimony of Officer Soileau to be more credible, and we see no manifest error in this determination.
At the hearing on the motion to suppress, the court noted that there was probable cause for the arrest on the basis of codefendant Rayford Jack’s statement. The testimony of Detective Soileau indicates that the defendant’s bank book was seized in the search incidental to a lawful arrest, a well recognized exception to the warrant requirement. State v. Green, 404 So.2d 977 (La.1981). As a result, the trial judge’s ruling, which denied the defendant’s motion to suppress was not in error. The ruling is affirmed.
ASSIGNMENT OF ERROR NO. 2
The defendant contends that the trial court erred in disturbing the jury during *911 its deliberation to request whether they wanted to' eat. The record reflects that initially the defendant objected to the court offering the jury time to have lunch. However, when the court suggested ordering lunch and having it brought to the jury, counsel for the defendant stated that he “would not have any problem with that”, indicating his lack of objection. Neither fact nor law forms a basis for this assignment which borders on the frivolous. Since defendant’s counsel failed to timely object to the jury’s luncheon, any irregularity that might have occurred was waived and cannot now be urged on appeal. La.C.Cr.P. Art. 841.
ASSIGNMENTS OF ERROR NOS. 3 AND 4
In these two assignments of error, the defendant contends that the trial court erred in (1) denying defendant’s motion for acquittal, and (2) allowing the jury to convict the defendant based on the insufficiency of the evidence against him. The standard to be applied in appellate review of the issue of sufficiency of the evidence, to support a conviction is whether, after reviewing the evidence any rational trier of fact could have found beyond a reasonable doubt that the defendant was guilty. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984).[2]
The crime for which the defendant was convicted, theft over $500.00, is defined by La.R.S. 14:67, which states in part:
“Theft is the misappropriation or taking of anything of value which belongs to another, whether without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.”
The evidence presented at trial, viewed in the light most favorable to the prosecution, could have convinced any rational trier of fact that all the elements of the crime had been proved beyond a reasonable doubt. The evidence before the trial court established that the defendant had received from a codefendant a payroll check endorsed by the payee but not cancelled. The defendant deposited the check. Over the next eleven days the defendant withdrew all but a small fraction of the misappropriated funds, indicating his intent to deprive the owner thereof permanently. The evidence submitted to the jury easily satisfied the elements of the crime for which the defendant was charged and convicted. The judgment of the trial court is affirmed.
ASSIGNMENT OF ERROR NO. 5
Although defendant’s fifth assignment of error challenges as excessive the sentence imposed by the trial court, the assignment was neither briefed nor argued. It is therefore considered abandoned and will not be addressed. State v. Dewey, 408 So.2d 1255 (La.1982); State v. Crawford, 441 So.2d 813 (La.App. 3rd Cir.1983).[3]
For the above and foregoing reasons the conviction and sentence of the district court is affirmed.
AFFIRMED.

.The defendant cites five errors in the lower court, to-wit:
"1. Trial court erred in denying the defendant's motion to suppress the seizure of defendant’s bank book, which was seized from defendant’s person without a search warrant and without probable cause.
2.Trial court erred in disturbing the jury while it was out deliberating, to request the jury whether they wanted to eat.
3. Trial court erred in denying defendant’s motion for a directed verdict of acquittal, based upon the insufficiency of the evidence against the defendant.
4. Trial court erred in that there was insufficient evidence before the jury to convict the defendant of the crime charged.
5. Trial court erred in imposing an excessive sentence....”

. Although reviewing courts are obligated to follow the Jackson standard as mandated by the Louisiana Supreme Court, the author of this opinion has expressed opposition to this stan- ' dard because it relegates the reviewing power of the appellate courts to nothing more than "second guessing” the triers of fact. See my concurring and dissenting opinions in State v. Gatson, 434 So.2d 1315 (La.App. 3rd Cir.1983); State v. Anderson, 440 So.2d 205 (La.App. 3rd Cir.1983); and State v. Bryan, 454 So.2d 1297 (La.App. 3rd Cir.1984).

. Even though we do not reach this issue, the author of this opinion reiterates his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 529; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983). See also State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; see also State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.