1 CIACCIO, Judge.
Defendant, Guy Cole, was charged by bill of information with theft of goods valued at $100 to $500, a violation of LSA-R.S. 14:67. On August 26, 1993 defendant entered a guilty plea. Before the trial judge accepted the defendant’s guilty plea there was discussion as to what the sentence would be:
The Court accepts the plea as willful and voluntarily made, signs the plea document, and makes it part of the record. Mr. Cole, in your ease, because you do have this prior conviction, the Court is not permitted to place you on probation, although the prior conviction I do not consider to be a very serious one. In fact, I consider it to be a misdemeanor, at least in the eyes of this Court.
But, in any event, it is there. But what I’ve done, what I’ve promised your attorney is this: The statute, under which you’re charged, provides that the Court can sentence you to imprisonment for up to two years or assess you a fine of up to $2,000. And the Court does not necessarily have to impose a period of imprisonment in your case, and I will opt to do that.
But as I told Ms. Turissini, what I will do is, I will be fining you $500. But the only way that I can insure that that’s going to happen, since I cannot put you on probation, is defer your sentence. (Boykin Transcript, 8/26/93, pp. 4, 5).
The trial judge then deferred sentencing the defendant to September 30, 1993. On September 30, 1993 the defendant admitted to a multiple bill of information filed by the State. The following excerpt from the multiple bill and sentencing hearing transcript sets forth the sentence and the trial judge’s findings and reasons therefore.
The Court - finds that in this case Mr. Cole has acknowledged that he is a multiple offender and the Court will find that, in fact, it has been proven. Under Shelton, the Court will also make a finding that the previous offense in this matter, number one, took place may the 17th, 1989, a little bit over four years ago. 14:89, in the sentencing guidelines, is the least offensive felony listed and, in fact, it’s ^tantamount to a misdemeanor. This is also reflected by the fact that in 1989, when Mr. Cole was sentenced by Judge Winsberg, the sentence reflects a sentences (sic) that would, in fact, be a misdemeanor offense.
In the instant case, Mr. Cole is charged with shoplifting. The Court sees no purpose in finding Mr. Cole a multiple offender and sentencing him to the minimum statutory requirements other than for the pure pleasure of inflicting pain, which gives this Court no pleasure. Therefore, it will be the sentence of the Court, Mr. Cole that you’re ordered to pay a fine of five hundred dollars or in lieu thereof that you’re ordered to serve 90 days in parish prison. You will have until the 2nd of November to accomplish this. Please pick up a subpoena to return here. State?
The State objected to the sentence and noted its intent to file an appeal.
On October 5, 1993, the State filed a motion to correct an illegal sentence which was granted. The trial judge resentenced defendant under the Habitual Offender Law to serve one year in the Department of Corrections. Defendant appealed.
*1256 A review of the record for errors patent reveals none.
Defendant argues that the trial court erred in granting the State’s motion to correct an illegal sentence. In his appellate brief defendant argues that the Habitual Offender Law, LSA-R.S. 15:529.1(A)(1), provides for the enhancement of a sentence if a trial court imposes a sentence of imprisonment as the penalty for the second felony conviction. Defendant contends that because that sentencing judge found that incarceration was not appropriate in this case, he had the option to impose a fine pursuant to LSA-R.S. 14:67(B)(2), so that the original sentence was not illegal. He argues the trial judge erred im resentencing him to a term of one year under the Habitual Offender Law where the original sentencing judge imposed a fine as the penalty for the underlying offense. Defendant further argues that because the original sentencing judge promised him that he would only |8be ordered to pay a $500 fine and the trial court breached this plea agreement, he should have been given the opportunity to withdraw his guilty plea prior to resentencing.
Defendant plead guilty to theft, of goods valued at $100 to $500 dollars. The penalty for the offense as set forth in LSA-R.S. 14:67(B)(2) provides:
When the misappropriation or taking amounts to a value of one hundred dollars or more, but less than a value of five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.
Had the defendant been a first offender the $500 fine imposed by the trial court would have been legal. The State, however, filed a multiple bill to which the defendant plead guilty. Under these circumstances, the trial judge had to sentence the defendant pursuant to the Habitual Offender Law, LSA-R.S. 15:529.1.
The question then arises as to whether the $500.00 fine imposed by the original sentencing judge is a legal sentence under the Habitual Offender Law. In other words, does the Habitual Offender Law allow the trial court to impose a fine in lieu of jail time for second felony offenders where the penalty provision for the underlying conviction provides for either the imposition of a fine, or the imposition of a determinate sentence, or both? We hold that it does not.
LSA-R.S. 15:529.1(D)(3) provides in part:
When the judge finds that he has been convicted of a prior felony or felonies or adjudicated a delinquent as authorized in Subsection A, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted or adjudicated, the court shall sentence | ¿him to the punishment prescribed in this section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated. ...
Section (D)(3) clearly mandates that the trial court sentence second, third and fourth felony offenders in accordance with the Sections (A)(1), (A)(2), and (A)(3) of the statute.
LSA-R.S. 15:529.1(A)(l)(a) provides:
If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction. (Emphasis ours).
The present Habitual Offender Law was enacted in 1956. See Acts 1956, No. 312. Prior to 1956, Acts 1942, No. 45, Section 1(1) set forth the penalty for second felony offenders and provided:
(1) If the second felony is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a determinate term not less than one-third *1257 the longest term and not more than twice the longest term prescribed for a first conviction;
(emphasis added). The antecedent to Acts 1942, No. 45 also required a mandatory jail sentence for second felony offenders. See Acts 1928, No. 15.
The enactment of the 1956 law made changes in the penalty clauses of the former statute. Act No. 312, Sections 2 and 3 substituted the language “then the person shall be sentenced to ...” in place of “then such person must be sentenced to....” as used in Sections 2 and 3 of the 1942 statute. Also, Act. No. 312, Section 1 replaced the phrase “then such person must be sentenced to imprisonment....” in Section 1 of the 1942 statute with the 15phrase “then the sentence to imprisonment shall be....”
The State argues, and we agree, that the 1956 changes in the penalty provisions were merely cosmetic and not substantive. There is no indication in the Historical and Statutory Notes following LSA-R.S. 15:529.1 that the legislature intended to remove the mandate that second felony offenders shall serve jail time. Further, there is nothing in the Habitual Offender Law or in the pre-1956 statutes that gives the trial judge the discretion to impose a fine rather than a prison term for a second felony offender, where the trial judge chose not to imprison the defendant on the underlying offense. To conclude otherwise would be contrary to the specific purpose of the Habitual Offender Law, namely, that it is a penalty enhancement provision. Accordingly, we find that the sentence imposed on September 30,1993 was an illegal sentence and the trial judge was correct in granting the State’s motion to correct.
The problem arises with the trial court’s correcting the illegal sentence, however, because defendant’s original sentence was based upon a plea bargain agreement with the trial court.
When a plea rests in any significant degree on a promise or agreement of the prosecutor so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); State v. Redfearn, 441 So.2d 200 (La.1983). Likewise, if the record reflects that the guilty plea is made in reliance upon an agreement with the trial judge the promise must be fulfilled or the defendant must be allowed to withdraw his guilty plea.
In the instant case the State did not object to the defendant’s pleading guilty, however, it did object to the sentence imposed by the trial judge after ^accepting the defendant’s plea. Nonetheless, the record clearly indicates that the defendant entered a guilty plea with the understanding that he would only be fined $500.00 and not sentenced to a period of imprisonment. When the State filed the motion to correct an illegal sentence the new trial judge should have allowed the defendant to withdraw his guilty plea before imposing a new sentence of imprisonment.
Accordingly, defendant’s sentence of February 8, 1994 is vacated and the case' is remanded to allow the defendant the opportunity to withdraw his guilty plea.

VACATED AND REMANDED.

LANDRIEU, J., concurs in part; dissents in part.