^j() HDIi/Ib

The state’s motion to dismiss is hereby GRANTED; our order of September 1,1995, 659 So.2d 502, is recalled as improvidently granted; and this case is removed from our November, 1995 docket. It now appears that pursuant to the remand order in State v. Cole, 94—1280 (La.App. 4th Cir. 2/23/95), 650 So.2d 1254, and before he filed his writ application in this Court, relator returned to the district court, withdrew his guilty plea, and entered another guilty plea as part of an agreement with the state disposing of three pending prosecutions against him. Those guilty pleas represent “on-the-record, wholly logical, non-vindictive reasons ...,” Texas v. McCullough, 475 U.S. 134,140,106 S.Ct. 976, 980, 89 L.Ed.2d 104 (1986), explaining any increase in sentence in this case and rendering the question for which we initially granted writs moot.
/s/ Pascal F, Calogero, Jr.
JiAMENDMENT TO ORDER OF NOVEMBER 16, 1995
This Court granted relator’s application for supervisory review to consider the decision of the Fourth Circuit Court of Appeal in State v. Cole, 94-1280 (La.App. 4th Cir. 2/23/95), 650 So.2d 1254, that a trial judge may not impose a fine-only sentence on a defendant adjudicated a second offender under the provisions of La.R.S. 15:529.1(A)(l)(a), even when the predicate offense allows for a sentence of imprisonment and/or a fine, and that relator’s guilty plea induced by the promise of such a sentence would therefore have to be set aside and relator allowed to plead anew on remand of the case.
Before argument on our November, 1995 docket, the state filed a motion to dismiss relator’s application on grounds that it was moot. It appears that pursuant to the Fourth Circuit’s remand order, and before he filed his writ application in this Court, relator returned to the district court, withdrew his guilty plea, and entered another guilty plea as part of an agreement with the state disposing of three pending prosecutions against him. Those guilty pleas represent “on-the-record, wholly logical, non-vindictive reasons,” Texas v. McCullough, 475 U.S. 134, 140, 106 S.Ct. 976, 980, 89 L.Ed.2d 104 (1986), explaining any increase in sentence in this case and rendering the question for which we initially granted writs moot.
Accordingly, this Court has granted the state’s motion to dismiss (for mootness), recalled our writ grant order of September 1, 1995, and removed this case from our November docket.
/s/ Pascal F. Calogero, Jr. Chief Justice