## State of Vermont v. Alex Trudeau

[683 A.2d 725]

No. 95-494

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed July 26, 1996

*Sandra W. Everitt*, Addison County Deputy State's Attorney, Middlebury, for Plaintiff-Appellant.

*Robert Appel*, Defender General, and *Judith A. Ianelli*, Appellate Attorney, Montpelier, for Defendant-Appellee.

**Allen, C.J.** The State of Vermont appeals a decision by the Addison District Court granting defendant's motion to suppress marijuana seized from his vehicle by a police officer during a DUI investigation. We reverse.

On December 31, 1994, at approximately 1:30 a.m., a Middlebury police officer observed a vehicle being operated in an erratic manner. Before the officer could stop the vehicle, it turned into the parking lot of Middlebury Beef and Supply, which was closed. The vehicle was occupied by defendant and two passengers. While speaking with defendant, the officer noticed signs that defendant was under the influence of alcohol, including an odor of alcohol, watery eyes, and slurred speech. The officer used his flashlight to look into the passenger compartment of the vehicle and observed an open can of beer on the floor behind the driver's seat. After conducting field sobriety tests, the officer determined that defendant had been driving while under the influence.

Before placing defendant in the cruiser, the officer conducted a "pat down" search and discovered a small pipe with burnt residue in defendant's pocket. At that time, the officer noticed an odor of marijuana on defendant's person. The officer handcuffed defendant and placed him inside the police cruiser.

During the preceding events, the two passengers exited defendant's vehicle. One passenger walked over and proceeded to get into another vehicle, which he said that he owned. He shortly returned to the other passenger, and both remained near defendant's vehicle. The officer noticed that the passengers also appeared intoxicated. After placing defendant in the cruiser, the officer approached the passengers to inquire if they needed assistance in contacting rides home.

The officer then returned to defendant's vehicle to retrieve the beer can as evidence. He opened the rear door of defendant's vehicle, and while reaching for the can, noticed a partially exposed, clear-plastic baggie under the back seat containing green "plantish material." When the officer removed the bag, which was later found to contain 4.3 grams of marijuana, he also recovered a second pipe. The officer conducted a further search of the passenger compartment and found 0.4 grams of marijuana in a zippered coin purse.[1]

Defendant was charged with possession of marijuana in violation of 18 V.S.A. § 4230(a)(1). Defendant filed a pretrial motion to suppress the marijuana, arguing that it was seized pursuant to a warrantless search without probable cause in violation of the Fourth Amendment to the United States Constitution and Chapter I, Article 11 of the Vermont Constitution. The trial court granted the motion to suppress,

---

[1] The State stipulated to suppression of the 0.4 grams of marijuana contained in the zippered coin purse because it was searched without consent or warrant.

concluding that the beer can had de minimis evidentiary value in a DUI prosecution and was therefore a pretext for the seizure of other evidence not in plain view. The State appeals.

The State argues that the court erred by granting the motion to suppress because the seizure of the marijuana was valid under the "plain view" exception to the warrant requirement. During the officer's questioning of defendant, he observed an open beer can on the floor of defendant's vehicle. While retrieving the beer can as evidence, the officer's vantage point changed and the partially exposed baggie of marijuana came into view. Therefore, in order to determine if seizing the marijuana fits the plain-view exception to the warrant requirement, we must first decide if the officer's retrieval of the beer can was proper under the plain-view doctrine.

In *Horton v. California*, 496 U.S. 128 (1990), the United States Supreme Court established the requirements for the plain-view exception to the warrant requirement. First, it is "an essential predicate to any valid warrantless seizure of incriminating evidence that the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed." *Id.* at 136. Second, "not only must the item be in plain view[,] its incriminating character must also be 'immediately apparent.'" *Id.* Finally, "not only must the officer be lawfully located in a place from which the object can be plainly seen, but he or she must also have a lawful right of access to the object itself." *Id.* at 137.[2] Here, the officer's seizure of the beer can was lawful because the plain-view requirements from *Horton* are met.

As for the first prong of the plain-view test, the officer, while standing next to defendant's vehicle, observed the beer can. Because defendant's vehicle was located in a parking lot open to the public, the officer was lawfully present when he observed the beer can. Moreover, it is "beyond dispute that [the officer's] action in shining his flashlight to illuminate the interior of [defendant's] car trenched upon no right secured to the [defendant] by the Fourth Amendment." *Texas v. Brown*, 460 U.S. 730, 739-40 (1983). Therefore, the first prong of the plain-view test is met.

---

[2] In *Horton*, the Court eliminated the requirement from *Coolidge v. New Hampshire*, 403 U.S. 443, 469 (1971), that the police officer discover the evidence "inadvertently." *Horton*, 496 U.S. at 138-41.

Second, we must determine if it was "immediately apparent" to the officer that he had incriminating evidence before him. Defendant argues that the beer can is not "evidence of a crime" in a prosecution for DUI. Under Vermont law, a person shall not operate a motor vehicle "when the person's [blood] alcohol concentration is 0.08 or more." 23 V.S.A. § 1201. Defendant argues that a beer can is not evidence of DUI because it cannot be used to prove defendant's blood-alcohol concentration. In essence, defendant contends that an officer on the scene should evaluate the legal relevancy of evidence and assess its potential usefulness at trial. We disagree.

In *Texas v. Brown*, the Supreme Court conceded that the phrase "immediately apparent" was "very likely an unhappy choice of words, since it can be taken to imply that an unduly high degree of certainty" is necessary prior to seizing an object. 460 U.S. at 741. According to the Court, this prong of the plain-view doctrine is satisfied whenever *"there is probable cause to associate the property [in plain view] with criminal activity."* *Id.* at 741-42 (quoting *Payton v. New York*, 445 U.S. 573, 587 (1980)). "[P]robable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would 'warrant a man of reasonable caution in the belief' that certain items may be contraband or stolen property or useful as evidence of a crime . . . ." *Id.* at 742 (citation omitted) (quoting *Carroll v. United States*, 267 U.S. 132, 162 (1925)).[3] Here, the beer can satisfies these requirements.

When asked about the beer can, the officer testified that it was

> standing upright on the floor [of the vehicle], [and] it was open . . . . Just with a quick look with a flashlight of the interior of the compartment I could look down, I could observe the can. I observed that it was a beer can and that there was liquid in it.

An officer would have probable cause to associate with the crime of DUI a partially full beer can in a vehicle driven by a person who had failed a road-side sobriety test. For example, evidence that a partially

---

[3] The court considered the question of whether seizing the beer can was "really a pretext for seeing whatever else is in the car." Even if an ulterior motive for seizing the beer can exists, it is irrelevant under the objective probable-cause determination of *Brown*, 460 U.S. at 742. See also *Whren v. United States*, — U.S. —, —, 116 S. Ct. 1769, 1773 (1996) (reaffirming principle that ulterior motive does not invalidate police conduct that is justifiable on the basis of probable cause to believe that violation of law has occurred).

full beer can was found within the driver's reach could be used to impeach a defendant who denies drinking any alcohol. Here, the officer testified that defendant claimed to have consumed only one beer earlier in the evening and that defendant and the other passengers denied possession of the beer can found on the floor of the vehicle. He also testified that, as a result of the partially full beer can, he noted in his DUI processing report that "defendant may have been drinking while driving."

In conducting its analysis, the trial court considered relevant the officer's testimony that beer cans seized by the police routinely are not saved. That the beer can was not retained as evidence is irrelevant because an officer could seize the beer can to confirm that it was partially full, cold, and contained an alcoholic beverage. Here, the officer testified that on every DUI processing report he notes the number of containers, the brands, the size of the containers, and the amount of liquid present in the containers. The DUI processing report in this case also contained such information. Because the State could rely on the officer's testimony about the beer can, retention of the beer can for presentation as physical evidence was not necessary. The second prong of the plain-view doctrine is satisfied.[4]

■ The third prong of the plain-view doctrine — that the officer had legal access to the beer can — is also met in this case. The Court in *Horton* stated:

> This [final requirement] is simply a corollary of the familiar principle . . . that no amount of probable cause can justify a warrantless search or seizure absent "exigent circumstances." Incontrovertible testimony of the senses that an incriminating object is on *premises* belonging to a criminal suspect may establish the fullest possible measure of probable cause. But even where the object is contraband, this Court has repeatedly stated and enforced the basic rule that the police may not enter and make a warrantless seizure.

---

[4]The officer also testified that the Town of Middlebury has an open-container ordinance. The ordinance reads: "No person shall have in their possession an open container containing any malt or vinous beverage . . . in any vehicle located on Town property unless a permit has been issued." Middlebury, VT., *Alcoholic Beverage Restrictions* § 301 (1993). "A person who has in his or her possession an open container containing any malt or vinous beverage . . . while on Town property without a permit . . . shall be subject to a fine not in excess of $1,000." *Id.* § 701. The beer can also constituted evidence of a violation of the open-container ordinance.

*Horton*, 496 U.S. at 137 n.7 (quoting *Coolidge v. New Hampshire*, 403 U.S. at 468) (emphasis added). In reference to the above quotation, one commentator discussed its applicability to the situation where an officer observes contraband in a vehicle located in a public parking lot:

> Does [the above quote] mean that while the viewing is proper (and thus could be testified to), the police are nonetheless without authority to enter the car to seize that which they have observed? Not likely. The above language makes specific reference to premises, where the courts have been most reluctant to permit warrantless entry and search for evidence. But under the *Chambers-Carney* line of cases the warrantless search of vehicles on probable cause has been upheld even absent true exigent circumstances, and this is why there can generally be no objection to warrantless entry of a vehicle to seize incriminating objects known to be there.

3 W. LaFave, Search and Seizure § 7.5(a), at 576-77 (3d ed. 1996) (citations and footnotes omitted); see also *California v. Carney*, 471 U.S. 386, 392-93 (1985) (motor vehicle exception to warrant requirement justified by exigency of motor vehicle mobility and reduced expectation of privacy in motor vehicles); *Michigan v. Thomas*, 458 U.S. 259, 261 (1982) ("justification to conduct . . . warrantless search does not . . . depend upon a reviewing court's assessment of the likelihood in each particular case that the car would have been driven away, or that its contents would have been tampered with, during the period required for the police to obtain a warrant"); *United States v. Alexander*, 835 F.2d 1406, 1409-10 (11th Cir. 1988) (mobility of motor vehicle sufficient to satisfy exigency requirement).

Under Chapter I, Article 11 of the Vermont Constitution, however, we have said that mobility is not a per se exigent circumstance and that the burden is on the State to show that evidence might be lost before a warrant could be obtained. *State v. Savva*, 159 Vt. 75, 91, 616 A.2d 774, 783 (1991). Nevertheless, exigent circumstances, as construed in motor vehicle cases, exist in this case. Defendant's vehicle would have remained in a public parking lot, and the two other occupants of the vehicle, neither of whom were arrested, would have had access to the vehicle and the evidence contained therein. See, e.g., *Wright v. State*, 391 S.E.2d 791, 792 (Ga. Ct. App. 1990) (when other persons with access to vehicle and who might remove or destroy

evidence are not in custody, warrantless search with probable cause is reasonable); *State v. Elliott*, 605 P.2d 930, 934 (Haw. 1980) (exigent circumstances where arrest drew public attention to vehicle and defendant's friends remained on scene with motivation to tamper with vehicle and contraband contained therein); *State v. Redfearn*, 441 So. 2d 200, 202 (La. 1983) (exigent circumstances where vehicle parked on public street and defendant's friend left at scene). Therefore, the seizure of the beer can was lawful under the plain-view exception to the warrant requirement of the Fourth Amendment and under Chapter I, Article 11 of the Vermont Constitution.

■ Having found that the seizure of the beer can was lawful under the plain-view doctrine, we must next determine if the officer's seizure of the marijuana was also lawful under the plain-view doctrine. First, the officer viewed the partially exposed baggie of marijuana when he opened the door and reached into the vehicle to retrieve the beer can from the floor of the back seat. Because, as discussed above, the officer could lawfully reach inside the vehicle to seize the beer can, he "did not violate the Fourth Amendment in arriving at the place from which" he viewed the baggie. *Horton*, 496 U.S. at 136. Second, according to the officer's testimony, it was "immediately apparent," *id.*, that the green "plantish material" in the baggie was marijuana. Therefore, the officer had probable cause to believe that the baggie contained contraband. *Id.* Finally, because the officer had legal access to the beer can and infringed on no privacy or possessory interests when he seized the baggie, he had "a lawful right of access" to the marijuana. *Id.* Therefore, all of the plain-view requirements are satisfied with respect to the seizure of the marijuana, and the trial court erred in granting defendant's motion to suppress.[5]

*Reversed and remanded.*

**Johnson, J.,** dissenting. A closer look at the officer's testimony and his written affidavit in support of the information tells a story different from that recounted by the majority. According to the affidavit, after arresting defendant for DUI and discovering the marijuana pipe in his pocket, the officer

---

[5]The State argues that the marijuana was properly seized as a search incident to arrest. *New York v. Belton*, 453 U.S. 454, 460 (1981). Because we have determined that the marijuana was properly seized under the plain-view exception, we do not reach that issue.

next checked the defendant's car . . . . Under the driver's seat [he] found a silver metallic marijuana pipe with burnt residue. [He] also located a ziplock baggie with a green material in the same location. On the console near the gear shift [he] located a second smaller amount of a plant like material rolled in a sandwich baggie. This baggie was located inside a zippered coin pouch.

Nowhere in the affidavit did the officer indicate that he returned to the car in order to retrieve the open beer can, or that the bag containing marijuana was visible. His discovery of the marijuana inside the zippered pouch suggests that he did not limit himself to observing items in plain view. Indeed, the officer's testimony confirms this:

Q. Well, as part of your training . . . you're taught for example, that you're not to go into closed containers in cars?

A. No, as a matter of fact I was taught that search incident to arrest I'm allowed to do certain things as a protective sweep.

. . . .

Q. And so in your mind, you thought you had permission or authority then to go through whatever was in the car, whether it be in the glove compartment or under the seat or wherever to see what was in it?

A. Only in a search for someplace that a weapon could easily be retrieved from.

Based on the affidavit and the officer's understanding of the law, the sequence of events is clear. After arresting defendant, handcuffing him, and placing him in the police cruiser, the officer undertook a search of defendant's vehicle, including a search of a closed container that the State concedes was improper. See *State v. Savva,* 159 Vt. 75, 90-91, 616 A.2d 774, 782-83 (1991) (suppressing evidence found in warrantless search of closed containers in vehicle; search was not supported by exigent circumstances because officer could have seized container and applied to magistrate for warrant). Despite the straightforward language of his affidavit ("[u]nder the driver's seat I found [the pipe and bag of marijuana]"), however, at the hearing the officer presented a new story: while retrieving the open beer can, he noticed a ziplock sandwich bag containing green plant material

partially sticking out from under the seat. When he pulled out the bag, the pipe fell out as well. At best, the officer's description of evidence falling into his lap, as it were, is questionable; when considered in light of the affidavit, which mentions none of this, the story becomes incredible.

I recognize, of course, that this Court ordinarily gives deference to the factual findings of the trial court. See *State v. Zaccaro*, 154 Vt. 83, 86, 574 A.2d 1256, 1258 (1990) (Court will not disturb trial court's findings of fact unless they are unsupported by the evidence or clearly erroneous). It is the responsibility of the finder of fact to evaluate the credibility of a witness. See *State v. Ives*, 162 Vt. 131, 135, 648 A.2d 129, 131 (1994) (trial court determines credibility of witnesses and persuasive effect of testimony). Here, however, the trial court made no factual findings and suppressed the evidence on the basis that the open beer can had minimal evidentiary value. The only explicit reference to the officer's testimony is somewhat skeptical ("I think [the officer] even said that he could see [the beer can] was partially filled [by] shining the flashlight through the top. I don't know how much you can see through the top of an open beer can but that was his testimony, we accept it."). At any rate, given the trial court's rationale for its decision, the court had no need to evaluate the officer's story.

Nonetheless, the majority's reversal of the trial court assumes that the bag of marijuana and the pipe were in plain view. Indeed, the majority merely recounts the officer's testimony as the facts of the case without mentioning the contrary affidavit. Given the lack of findings and the inherent implausibility of the officer's testimony, I cannot join this decision. I would affirm the trial court's decision suppressing the marijuana and the pipe.