PER CURIAM.
 

 11 The state has charged defendant by bill of information with possession of stolen property valued at more than $500, in violation of La.R.S. 14:69. Defendant moved to suppress the evidence, consisting of items taken in a residential burglary and concealed in a nylon bag, seized on May 29, 2009, by the police from a house locat
 
 *1094
 
 ed at 4234 St. Anthony Street in New Orleans. The trial court denied the motion and the Fourth Circuit denied review. We granted defendant’s writ application to review the rulings below and reverse because the state failed to carry its burden of demonstrating that the warrantless search of the residence fell under any of the recognized exceptions to the warrant requirement.
 

 Testimony adduced at the brief hearing conducted on the motion to suppress came from a single police officer who was not personally involved in the search that led to the recovery of the evidence. According to Detective Roger Caillouet, on May 29, 2009, the police received a report from a concerned citizen that one or more |2suspicious persons were loitering in the 1900 block of Stephen Girard Avenue in New Orleans. The caller did not provide a physical description and, in any event, the officers dispatched to that location failed to find anyone in the area. However, after asking the dispatcher to call the concerned citizen back, the officers were then redirected to 4234 St. Anthony Avenue, an address Detective Caillouet referred to as an “abandoned” house. The responding officers walked into the house, found defendant and Anthony Decuir inside, and, ultimately, discovered a nylon bag containing various items. Both individuals denied ownership of the bag, claiming that they had merely found it. The officers also determined that there was an outstanding warrant for Decuir’s arrest. They placed Decuir into custody and seized the bag. Defendant was not arrested at that time.
 

 In the following week, the police received a report concerning the burglary of a home on Harrison Avenue in New Orleans. Detective Caillouet met with the victim and showed him the contents of the bag removed from 4234 St. Anthony Avenue. The victim positively identified the various items as taken from his home in the burglary. Detective Caillouet subsequently obtained a warrant for defendant’s arrest and he was taken into custody. The state introduced the detective’s affidavit in support of the arrest warrant and made it a part of the record at the suppression hearing. With respect to the initial report by the concerned citizen, the affidavit simply states that the responding officers “were directed to an abandoned house at the corner of St. Anthony Avenue and Mandolin St.”
 

 Defendant testified at the suppression hearing that, in fact, he owns the residence at 4234 St. Anthony Avenue, property held in his family for 40 years and then “passed down” to him from a relative, and that he lived there. Defendant 1 .¡identified a document purporting to be a judgment placing him in possession of the property, although defense counsel did not introduce the document into evidence at the hearing. According to defendant, the police officers simply burst through the back door of his residence without his permission and without regard to his protests that he owned the house. Defendant also testified that the nylon bag containing the stolen items did not belong to him and that he had merely found it on the street.
 

 We agree with the premise of the state’s argument, evidently adopted by the trial court as well although it provided no reasons for denying the motion to suppress, that an individual does not possess a reasonable expectation of privacy in an abandoned home and therefore may not complain about a warrantless entry of the premises by the police.
 
 See Rakas v. Illinois,
 
 439 U.S. 128, 143, n. 12, 99 S.Ct. 421, 430, 58 L.Ed.2d 387 (1978)(“One of the main rights attaching to property is the right to exclude others, and one who owns or lawfully possesses or controls property will in all likelihood have a legitimate expectation of privacy by virtue of
 
 *1095
 
 this right to exclude.... [B]y focusing on legitimate expectations of privacy in Fourth Amendment jurisprudence, the Court has not altogether abandoned use of property concepts in determining the presence or absence of privacy interests protected by that Amendment.”) (citation omitted);
 
 State v. Fielding,
 
 37,943, p. 15 (La.App. 2nd Cir.12/10/03), 862 So.2d 420, 430 (“Defendant had no right to an expectation of privacy in the abandoned house which did not belong to him.”). In the present case, the state concedes that defendant’s unrebutted testimony he owned the house at 4234 St. Anthony and lived there meant that the house was not, in fact, abandoned. Defendant therefore possessed a reasonable expectation of privacy in the premises fully protected by the Fourth Amendment.
 
 Payton v. New York,
 
 445 U.S. 573, 585, 100 S.Ct. 1371, 1379, 63 L.Ed.2d 639 (1980)(“[T]he physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed.”)(internal quotation marks and citation omitted).
 

 However, the state argues in support of the trial court’s ruling that the warrantless entry and search of the premises by the officers was nevertheless reasonable because they reasonably believed that the house was abandoned.
 
 Cf. Illinois v. Rodriguez,
 
 497 U.S. 177, 185, 110 S.Ct. 2793, 2800, 111 L.Ed.2d 148 (1990)(“It is apparent that in order to satisfy the ‘reasonableness’ requirement of the Fourth Amendment, what is generally demanded of the many factual determinations that must regularly be made by agents of the government-whether the magistrate issuing a warrant, the police officer executing a warrant or the police officer conducting a search or seizure under one of the exceptions to the warrant requirement — is not that they always be correct, but that they always be reasonable ....”) (citations omitted). Thus, the state argues that while defendant’s testimony he owned the house and lived in it was unrebutted, so, too, was Detective Caillouet’s testimony that the house
 
 appeared
 
 to be abandoned, a dispositive factual assertion for Fourth Amendment purposes that the trial court clearly adopted when it denied the motion to suppress.
 

 Because defendant established that he owned and lived in the premises at 4234 St. Anthony and thus had a reasonable expectation of privacy in the premises, the state had the burden of justifying the warrantless entry and search of the home.
 
 State v. Redfearn,
 
 441 So.2d 200, 201 (La.1983);
 
 State v. Franklin,
 
 353 So.2d 1315, 1318-19 (La.1977). It was therefore incumbent upon the state to show that the appearance of the house gave rise to a reasonable, albeit | smistaken, belief the premises were abandoned, or that the officers had another reliable basis for reaching that conclusion, and not the defendant’s burden to show that from its appearance alone, the premises at 4234 St. Anthony could not reasonably and fairly be described as abandoned. However, Detective Caillouet did
 
 not
 
 testify that the house appeared abandoned. The officers on the scene evidently did not report that they viewed a dilapidated structure boarded up and surrounded by overgrown weeds, or that the officers came by a belief the home had been abandoned from any other reliable basis,
 
 e.g.,
 
 that the concerned citizen, who left his or her contact number and provided the police with updated information, stated on the basis of personal knowledge that the residence had been abandoned by the owner.
 
 Compare State v. Brown,
 
 09-2456, pp. 7-8 (La.5/11/10), 35 So.3d 1069, 1074 (police officer acted reasonably on basis of information supplied by tenant on one side of a double house that the persons on the other side were there without permission and dealing drugs when the officer opened the door to the residence and observed narcotics in plain view on table in the
 
 *1096
 
 living room). The detective simply stated, as a matter of fact, that the residence was “abandoned.” However, in the face of defendant’s uncontested testimony that, as a matter of fact, the house was not abandoned, Detective Caillouet’s testimony was plainly insufficient to carry the state’s burden of showing, from “the facts available to the officer at the moment,”
 
 Rodriguez,
 
 497 U.S. at 188, 110 S.Ct. at 2801, that the police possessed a
 
 reasonable
 
 belief the premises had been abandoned, although defendant in fact owned the home and lived in it, and that their warrantless entry over his protests was therefore also reasonable.
 

 In the absence of any other exception to the warrant requirement, the trial court erred in denying the motion to suppress the evidence derivatively tainted by the prior | (¿Ilegal entry.
 
 Wong Sun v. United States,
 
 371 U.S. 471, 487, 83 S.Ct. 407, 417, 9 L.Ed.2d 441 (1963)(“We need not hold that all evidence is ‘fruit of the poisonous tree’ simply because it would not have come to light but for the illegal actions of the police.... [T]he more apt question in such a case is whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.”)(internal quotation marks and citation omitted). The ruling of the trial court is therefore reversed, the motion to suppress evidence is granted, and this case is remanded to the trial court for further proceedings consistent with the views expressed herein.
 

 REVERSED AND REMANDED
 

 JOHNSON, J., dissents.