781 So.2d 1221 (2001)
STATE of Louisiana
v.
Tony THOMPSON.
No. 2000-KK-1808.
Supreme Court of Louisiana.
February 2, 2001.
Mary L. Harried, New Orleans, Counsel for Applicant.
Richard P. Ieyoub, Attorney General, Paul Carmouche, District Attorney, Laura O. Wingate, Shreveport, Counsel for Respondent.
PER CURIAM.[*]
By bill of information, the state has charged relator with aggravated battery "upon T.H.," in violation of La.R.S. 14:34. In the course of pretrial discovery, the prosecutor furnished defense counsel a copy of the police report edited to obscure the name and address of the victim. The defense filed a motion for unredacted discovery which the trial judge granted. The state sought review, and the court of appeal reversed on grounds that "the district court's order ... is not supported by the code articles governing discovery and is in *1222 direct contravention of La. R.S. 46:1844." State v. Thompson, 34,095 (La.App. 2nd Cir.6/2/00). We granted relator's application because the court of appeal erred in construing the statute to preclude altogether defense discovery of the minor victim's name.
As amended by 1999 La. Acts 783, La.R.S. 46:1844(W)(1) prohibited at the time of discovery proceedings in this case any judicial officer or district attorney from making public disclosure of the name and identity of a minor under the age of 18 years at the time of the commission of any offense. The statute thus provided an express and specific exception to the general rule of La.C.Cr.P. art. 473 that "[w]hen the name of the person injured is substantial and not merely descriptive, such as when the injury is to the person, as in murder, rape, or battery, the indictment shall state the true name of the victim or the name, appellation, or nickname by which he is known."
The legislature has recently amended La.R.S. 46:1844(W)(1) to shield from public disclosure in connection with criminal proceedings the identities of "minors under eighteen years of age or of victims of sex offenses." 2000 La. Acts 1st Ex.Sess. 3 (emphasis added). The amending act added a new provision, La.R.S. 46:1844(W)(4), which states that "this Subsection shall not apply to the requirement of promptly informing a defendant or his attorney of the name of the victim of a sexual crime during pretrial discovery." This explicit proviso came in response to concerns voiced by the defense bar that the statute would otherwise impair a defendant's access to information necessary for adequate notice of the crime charged and preparation of his or her defense during pre-trial discovery. See Minutes, House Committee on Judiciary, March 23, 2000.
The legislature did not include within the scope of the proviso in La.R.S. 46:1844(W)(4) victims under 18 years of age at the time of the commission of the offense. As to those victims, the statute still bars public disclosure of their names in accord with the state's compelling interest in "protecting the physical and emotional well-being of youth even when the laws ... operat[e] in the sensitive area of constitutionally protected rights." New York v. Ferber, 458 U.S. 747, 757, 102 S.Ct. 3348, 3354, 73 L.Ed.2d 1113 (1982). However, in light of the recent amendment of the statute to accommodate defense discovery. in sensitive cases involving sex crimes, we conclude that the legislature did not intend to impair the accused's fundamental right to notice of the crime charged and opportunity to prepare a defense in any criminal case. La. Const. art. I, § 13; State v. Johnson, 93-0394, p. 3 (La.6/3/94), 637 So.2d 1033, 1034-35. A defendant does not have the right under La.R.S. 46:1844(W)(4) to secure publicly the name of the minor victim of a crime during the course of general discovery but the statute as presently written does not preclude the district attorney from providing the requisite notice during pre-trial discovery by making an in camera disclosure of the victim's identity to counsel for the accused under the direction of the trial court. Such a procedure will effectuate the defendant's right to adequate notice while accommodating the legislature's continued and heightened concern for "eas[ing] the emotional burden on immature victims." State v. Ste. Marie, 98-1167, p. 4 (La.12/18/98), 723 So.2d 407, 410. However, to keep the balance true to the purpose of the statute and the state's compelling interests in protecting the well-being of minors, the district court shall direct disclosure of the minor victim's identity under a protective order which strictly limits the defense use and dissemination *1223 of the information only as necessary to the preparation of its case for trial.
Accordingly, the order of the court of appeal is vacated and this case is remanded to the district court for further proceedings in accord with the views expressed herein.
NOTES
[*] James C. Gulotta, Justice Pro Tempore, sitting for Associate Justice Harry T. Lemmon.