# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 06-263

STATE OF LOUISIANA

VERSUS

AL JEROME JEANSONNE, JR.

**\*\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
### NINTH JUDICIAL DISTRICT COURT
### PARISH OF RAPIDES, NO. 276,381
### HONORABLE BENJAMIN C. BENNETT, JUDGE *PRO TEMPORE*

**\*\*\*\*\*\*\*\*\*\***

## JAMES T. GENOVESE
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.

**AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.**

Laura Marie Pavy
Louisiana Appellate Project
Post Office Box 750602
New Orleans, Louisiana 70175-0602
(504) 833-2910
COUNSEL FOR DEFENDANT/APPELLANT:
    Al Jerome Jeansonne, Jr.

James C. Downs
District Attorney - Ninth Judicial District
ADA T. Gerald Henderson
Post Office Drawer 1472
Alexandria, Louisiana 71309-1472
(318) 473-6650
COUNSEL FOR PLAINTIFF/APPELLEE:
    State of Louisiana

**GENOVESE, Judge.**

On January 12, 2005, Al Jerome Jeansonne, Jr. was charged with simple rape, a violation of La.R.S. 14:43. On October 5, 2005, following a trial by jury, Defendant was convicted as charged. Defendant then filed a motion for new trial, which was denied by the trial court. Defendant waived sentencing delays, and the trial court sentenced him to imprisonment at hard labor for twenty years, without benefit of probation, parole, or suspension of sentence.

Defendant appeals, claiming insufficient evidence to support his conviction, excessive sentence, and all errors patent. For the following reasons, Defendant's conviction and sentence are affirmed, and Defendant's sentence is amended to reflect that diminution eligibility is denied pursuant to La.R.S. 15:537.

## FACTS

W.A.,[1] the victim, was fifteen years of age at the time of the offense. He is mentally and physically handicapped. W.A. testified that he lived with his mother, her boyfriend, his brother, and his sister. He identified Defendant as a neighbor.

W.A. stated that Defendant performed anal intercourse on him while in a clubhouse behind his home. He also stated that he told his sister, his aunt, and his brother about what had happened.

After W.A. told his aunt about the rape, she contacted his mother. On October 28, 2004, W.A.'s mother filed a complaint with the Alexandria Police Department. W.A. informed the police that Defendant had raped him. He was subsequently interviewed at the Child Advocacy Center and was also examined by a physician, who concluded that the victim exhibited signs of anal penetration. It is noted that the

---

[1] In accordance with La.R.S. 46:1844(W), the initials for the minor victim will be used.

1

physical examination was performed more than forty-eight hours after the reported rape. The record does not indicate whether a rape kit examination was performed.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we note that there is one error patent.

The trial court erred in failing to deny Defendant diminution eligibility under La.R.S. 15:537(A). That statute *requires* that diminution of sentence be denied to all offenders who are convicted of, or plead guilty to, sex offenses, including simple rape (the present offense). The statute is not clear, however, as to whether it is a mandate to the trial court to deny diminution of sentence, or it is a mandate to the Department of Corrections to implement the denial. In *State v. G.M.W., Jr.,* 05-391, 05-392 (La.App. 3 Cir. 11/2/05), 916 So.2d 460, we held that La.R.S. 15:537 is clearly a directive to the trial court, and the trial court's failure to comply with La.R.S. 15:537 renders the sentence illegally lenient:

> At the outset, we note that, at sentencing, the trial court stated that it was denying the Defendant eligibility for diminution of sentence in accordance with La.R.S. 15:571.3(C)(4)(E). The trial court had no authority to deny the Defendant diminution of sentence under the statute cited; however, the trial court was required to deny the Defendant diminution eligibility under La.R.S. 15:537(A), which *requires* that diminution of sentence be denied to all offenders who are convicted of or plead guilty to sex offenses, including aggravated incest. We note that the second paragraph of La.R.S. 15:537 is clearly directed to the sentencing court, and the trial court's failure to include a denial of diminution of sentence thereunder renders Defendant's sentences illegally lenient. Pursuant to *State v. Williams*, 00-1725 (La.11/28/01), 800 So.2d 790 and La.Code Crim.P. art. 882, this court is authorized to recognize and correct illegally lenient sentences. Thus, we amend the Defendant's sentences to reflect that diminution of sentence is denied pursuant to La.R.S. 15:537 rather than La.R.S.573.3 as stated by the trial court.

2

*Id.* at 461.

Abiding by this court's holding in *G.M.W.*, we find the simple rape sentence imposed in the present case is likewise illegally lenient because the trial court failed to deny diminution of sentence pursuant to La.R.S. 15:537. As did the court in *G.M.W.*,we amend Defendant's simple rape sentence to reflect that his diminution eligibility is denied pursuant to La.R.S. 15:537. Since the correction does not involve sentencing discretion, a remand is not necessary. *State v. Gregrich*, 99-178 (La.App. 3 Cir. 10/13/99), 745 So.2d 694. However, this matter will be remanded and the trial court instructed to make a notation in the minutes reflecting the amendment.

Additionally, we note that the victim was not identified by name or initials in the bill of information. Louisiana Code of Criminal Procedure Article 473 provides:

> When the name of the person injured is substantial and not merely descriptive, such as when the injury is to the person, as in murder, rape, or battery, the indictment shall state the true name of the victim or the name, appellation, or nickname by which he is known. If the name, appellation, or nickname of the victim is not known, it is sufficient to so state and to describe him as far as possible. In stating any name of a victim it is sufficient to state a surname, a surname and one or more given names, or a surname and one or more abbreviations or initials of a given name or names.

In this case, the District Attorney could not publicly disclose the victim's name or identity because the victim was a minor and the victim of a sex offense; however, he could have used "initials, abbreviations, or other forms of indefinite descriptions" on public documents to prevent public disclosure of the name. *See* La.R.S. 46:1844(W)(1) and La.R.S. 46:1844(W)(3).

In the following excerpt from *State v. Thompson*, 00-1808, p. 1 (La. 2/2/01), 781 So.2d 1221, 1222, the supreme court characterized La.R.S. 46:1844(W)(1) as an exception to La.Code Crim.P. art. 473:

3

As amended by 1999 La. Acts 783, La.R.S. 46:1844(W)(1) prohibited at the time of discovery proceedings in this case any judicial officer or district attorney from making public disclosure of the name and identity of a minor under the age of 18 years at the time of the commission of *any* offense. The statute thus provided an express and specific exception to the general rule of [La.Code Crim.P.] art. 473 that "[w]hen the name of the person injured is substantial and not merely descriptive, such as when the injury is to the person, as in murder, rape, or battery, the indictment shall state the true name of the victim or the name, appellation, or nickname by which he is known."

Therefore, there is no error patent to be recognized as a result of the District Attorney not identifying the victim by name or initials in the bill of information.

## ASSIGNMENT OF ERROR NO. 1

In his first assignment of error, Defendant asserts that the evidence is insufficient to sustain a conviction for simple rape because the State failed to prove beyond a reasonable doubt that the victim lacked capacity, through unsoundness of mind, to understand the nature of the act.

When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (*citing State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

Defendant was convicted of simple rape, defined in pertinent part by La.R.S. 14:43, which provides:

A. Simple rape is a rape committed when the anal, oral, or vaginal sexual intercourse is deemed to be without the lawful consent of a victim because it is committed under any one or more of the following circumstances:

. . . .

(2) When the victim is incapable, through unsoundness of mind, whether temporary or permanent, or understanding the nature of the act and the offender knew or should have known of the victim's incapacity.

Defendant asserts that the victim's testimony at trial, and his "quick complaint," clearly indicated that he understood the nature of the act. Therefore, Defendant concludes that the State failed to prove that particular element necessary for a conviction of simple rape.

In *State v. Ward*, 04-1295 (La.App. 5 Cir. 4/26/05), 903 So.2d 480, *writ denied*, 05-1718 (La. 3/17/06), --- So.2d ---, a case directly on point, the defendant asserted the same claim. *Ward* argued that the lengthy and detailed testimony of the twenty-year-old mentally handicapped victim clearly showed that she understood the nature of the act. The court found this assertion to be without merit and ruled that a person with the mental development of a six or seven-year-old child lacked the capacity to consent to sexual activity, despite his or her ability to testify on the offense:

It seems beyond question that competency to testify is not the same as the capacity to understand the nature of the sexual act. There is a vast difference between understanding the distinction between the truth and a lie and understanding the nature and consequences of a sexual act. *State v. Peters*, (La.App. 4 Cir.1983), 441 So.2d 403, *writ denied* 530 So.2d 560[, La.1988].

*Id*. at 485.

In the instant case, the victim's teacher was accepted by the court as an expert in special education. She testified that the victim has intellectual cognitive deficits

and classified his mental handicap as mild to moderate. She also stated that although the victim was fifteen years of age, he only functioned at a first grade level. In his own testimony, Defendant stated that he knew the victim, who lived in the house next door to him, and also knew the victim's family. Defendant stated that he spent time in the victim's home and that he got to know the victim because he would "follow you around like a little lost puppy."

We find that the evidence, under the *Jackson* standard of review, viewed in the light most favorable to the prosecution, was sufficient to show that the victim lacked the capacity to understand the nature of the act and that Defendant knew about the victim's mental incapacity. Therefore, this assignment is without merit.

**ASSIGNMENT OF ERROR NO. 2**

In his second assignment of error, Defendant asserts that the trial court erred by imposing an excessive sentence. Defendant argues that he should not be sentenced to a term near the maximum provided for by the statute for the convicted offense.

Initially, we note that Defendant did not file a motion for reconsideration of the sentence. Louisiana Code of Criminal Procedure Article 881.1 provides that the failure to file or make a timely motion to reconsider the sentence precludes the defendant from objecting to the sentence on appeal. In *State v. Craft*, 01-248 (La.App. 3 Cir. 10/3/01), 796 So.2d 907, we recognized that the failure of a defendant to timely move for reconsideration of sentence precluded review of a subsequent claim of excessiveness of that sentence. However, we, in the interest of justice, has reviewed sentences for bare excessiveness when no motion to reconsider sentence was filed. *See State v. Dabney*, 01-1110 (La.App. 3 Cir. 6/25/03), 848 So.2d 784, and *State v. Graves*, 01-156 (La.App. 3 Cir. 10/3/01), 798 So.2d 1090, *writ*

6

*denied*, 02-29 (La. 10/14/02), 827 So.2d 420.   In this case, we will review

Defendant's sentence for bare excessiveness.

We have set forth the following standard to be used in reviewing excessive

sentence claims:

> [Louisiana Constitution Article 1], § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment."  To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering.  *State v. Campbell*, 404 So.2d 1205 (La.1981).   The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion.  *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067.   The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.  *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035,

1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

In order to decide whether a sentence shocks the sense of justice or makes no

meaningful contribution to acceptable penal goals, we have held:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes.  *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed."  *State v. Batiste,* 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."  *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*,

7

03-0562 (La. 5/30/03), 845 So.2d 1061.

The trial court sentenced Defendant to twenty years imprisonment at hard labor without benefits of parole, probation, or suspension of sentence. In his brief to this court, Defendant simply asserts that the sentence is excessive because it does not fairly reflect the offense and the offender.

A person convicted of simple rape may be sentenced to imprisonment for a term of not more than twenty-five years, with or without hard labor, and without benefit of parole, probation, or suspension of sentence. *See* La.R.S. 14:43(B). The twenty-year sentence imposed on Defendant is clearly within the statutory range for simple rape.

At the sentencing hearing, the trial court discussed the reasons for imposing the sentence at issue:

> I've carefully considered your record and your record indicates prior sexual crimes and does not necessarily indicate one or another sexual orientation, which is not taken into consideration, but your action really constitutes predatory and deviant behavior. Since you have not learned from previous examples you are in need of further corrective treatment. I also find that there is an undue risk of your committing another crime during the period of suspended sentence. I don't think a suspended sentence is appropriate in this case. I feel like you're in need of correctional treatment and a custodial environment can more effectively provide that treatment. It may take a while to do it. Any lesser sentence than what I am going to impose I believe will deprecate the seriousness of the crime. I certainly consider that the victim of this crime was a person very vulnerable, very limited ability [sic] that you knew quite well and knew you and created an atmosphere where you could do this. The maximum sentence for this crime is twenty-five years. Including considering your previous record and my fear that if you're out too long somebody else might be a victim of the same crime and I'm going to sentence you to serve a period of twenty years in the custody of the Department of Corrections in the State of Louisiana.

Defendant neither shows nor alleges that the trial court failed to properly consider any possible mitigating factors when imposing sentence. Therefore, in light of the

8

victim's age and mental and physical handicaps, we find that the trial court did not abuse its discretion in sentencing Defendant to twenty years imprisonment for simple rape, an offense for which he could have been sentenced to a maximum term of twenty-five years. Accordingly, this assignment is without merit.

## DECREE

We affirm Defendant's conviction and sentence. Additionally, we amend Defendant's sentence to reflect that diminution eligibility is denied pursuant to La.R.S. 15:537. This case is remanded to the trial court with instructions to make a notation in the minutes reflecting said amendment.

**AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.**