NOT FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-371

STATE OF LOUISIANA

VERSUS

DAVID LEMELLE

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NUMBER 03-K-0289
HONORABLE ELLIS J. DAIGLE, JUDGE
\*\*\*\*\*\*\*\*\*\*

J. DAVID PAINTER
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and J. David Painter, Judges.

**AFFIRMED.**

Thibodeaux, Chief Judge, dissents with written reasons.

**Mark O. Foster**
**Louisiana Appellate Project**
**P.O. Box 2057**
**Natchitoches, LA 71457**
**Counsel for Defendant-Appellant:**
    **David Lemelle**

**Earl B. Taylor**
**District Attorney**
**P.O. Drawer 1968**
**Opelousas, LA 70571**
**Counsel for Appellee:**
    **State of Louisiana**

PAINTER, Judge.

Defendant, David Lemelle, appeals the sentences imposed in connection with his conviction for selling cocaine. We affirm, finding that the plea agreement was not breached and that the trial court did not abuse its discretion in imposing sentence.

According to Defendant's brief, he was arrested after making a series of sales of rocks of crack cocaine to undercover police officers. On October 25, 2005, Defendant pled guilty to three counts of distribution of cocaine, in violation of La.R.S. 40:967(A). As a part of the plea bargain agreement, the State agreed to dismiss one count of false representation of a controlled dangerous substance in violation of La.R.S. 40:971. The State also agreed to recommend a sentencing cap of ten years on each count and that the sentence on each count be served concurrently with the others and concurrent with any other sentence Defendant was serving at the time.

The trial court sentenced Defendant to three concurrent fifteen-year prison terms with two years of each sentence to be served without the benefit of parole, probation, or suspension of sentence. The court ordered that the sentences be served concurrently with the sentence Defendant was serving at the time and with any other sentences which might be imposed. The court gave Defendant credit for time served from the date of the arrest. Defendant made an oral motion to reconsider the sentences, and the court denied it in open court.

Defendant appeals the sentences. He alleges that the plea agreement was breached or, alternatively, that the sentences are constitutionally excessive under the facts of the case.

1

*Plea Agreement*

Defendant asserts that the plea agreement was breached when the trial court sentenced him to three fifteen-year terms of imprisonment. He argues that, in exchange for his plea, he was to be sentenced to no more than ten years on each count. He further argues that the trial court did not give adequate reasons for failing to follow the State's sentencing recommendation. He asks that this court remand the matter to the trial court for resentencing within the sentencing cap.

> A guilty plea is invalid, or constitutionally infirm, when a defendant is induced to enter a plea of guilty by a plea bargain agreement, or what he reasonably or justifiably believes was a plea bargain agreement, and the terms of the bargain are not satisfied. It is well settled that if a defendant's misunderstanding is not induced by or attributed to representations made by the district attorney or the trial court, there is no ground for invalidating the guilty plea.

*State v. Roe*, 05-116, p. 8 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, 1271, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163 (citations omitted), (quoting *State v. Readoux*, 614 So.2d 175, 176-77 (La.App. 3 Cir. 1993)).

The plea form signed by Defendant on October 6, 2005 shows that he agreed to plead guilty to three counts of distribution of cocaine. In exchange, the State agreed to dismiss a fourth count under which Defendant was charged with distribution of a false representation of a controlled dangerous drug. Under the section for the District Attorney's recommendations it is written that there are no recommendations. However, the form contains the marginal notation: "10 year cap w/concurrent sentences."

At the plea hearing, the trial court told Defendant that it was not bound by the plea agreement. The court stated that, even though the plea agreement form noted a sentencing cap of ten years, other factors, including information from the pre-

2

sentence investigation report, would determine the sentence imposed. Defendant was asked how many times he had been arrested and how many times he had been convicted. He replied that he had been convicted only once before. The judge stated that, if the pre-sentence investigation told him something different, he was not bound by the plea agreement. Defendant indicated that he understood and agreed with that.

At the sentencing hearing, the trial court stated that it noted a previous felony charge for possession of cocaine and three other pending charges on drug offenses. It further noted that Defendant had had nineteen "other brushes with the law," including those he had previously noted. The trial court then sentenced Defendant to three concurrent fifteen-year terms of imprisonment.

The trial court made it clear that the length of the sentences depended on the information contained in the pre-sentence investigation report. A trial court is not bound by the sentencing recommendation made by the State or a defendant. *State v. Rios*, 95-961 (La.App. 3 Cir. 3/6/96), 670 So.2d 708. The trial court did not breach a promise that it would sentence Defendant to ten years on each count. The court gave sufficient reasons for its decision not to follow the State's recommendation as to the length of the sentences.

*Excessive Sentences*

Defendant argues, in the alternative, that the sentences imposed were excessive under the circumstances of the case.

> On review, the question is not whether another sentence would have been more appropriate, but whether the trial court abused its discretion when it imposed the sentence. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). Furthermore, "[t]he trial judge may take into consideration the fact that the Defendant's actions were more serious than the conviction reflects." *State v. Garner*, 99-160, p. 5 (La.App. 3 Cir. 6/2/99); 741 So.2d 771, 774. We are also mindful that "[a] plea

3

bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing." *State v. Bates*, 29,252, p. 11 (La.App. 2 Cir. 1/22/97); 711 So.2d 281, 287.

*State v. Charles*, 02-443, p. 13 (La.App. 3 Cir. 10/2/02), 827 So.2d 553, 561, *writ denied*, 02-2707 (La. 3/28/03), 840 So.2d 569.

Defendant pled guilty to three counts of distribution of cocaine. Louisiana Revised Statutes 40:967(A) provides for imprisonment of no less than two years and no more than thirty years. Defendant was sentenced to one-half the possible term of imprisonment. However, depending on the circumstances of the case, a sentence which falls within the statutory limits can, nonetheless, be excessive if it would shock the sense of justice. *State v. Jeansonne*, 06-263 (La.App. 3 Cir. 5/31/06), 931 So.2d 1258.

The fifth circuit, in *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-433 (La.6/25/99), 745 So.2d 1183, held that a reviewing court should consider three factors in reviewing the trial court's sentencing discretion: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts.

*State v. Touchet*, 06-281, pp. 3-4 (La.App. 3 Cir. 5/31/06), 931 So.2d 1264, 1267.

As previously stated, Defendant was convicted of three counts of distribution of cocaine. He had an extensive history of criminal activity which included several arrests for dealing drugs and, at the time of sentencing, one other conviction for possession of cocaine. Defendant's criminal history indicates that he makes his living dealing drugs. Additionally, the plea agreement worked to Defendant's benefit. Another charge was dismissed, and the trial court went along with the State's recommendation that the sentences be served concurrently in spite of circumstances which would have allowed for consecutive sentences. The court also ordered that the

4

sentences be served concurrently with a sentence Defendant was already serving and with any other sentences he might be ordered to serve.

A review of sentences imposed in connection with convictions for the same offense indicates that a fifteen-year sentence is not an uncommon term of imprisonment for people with a history of drug convictions. *See Charles*, 827 So.2d 553; *State v. Myers*, 99-677 (La.App. 3 Cir. 12/8/99), 753 So.2d 898, *writ denied*, 00-53 (La. 6/23/00), 765 So.2d 1036.

The trial court did not abuse its discretion in sentencing Defendant.

CONCLUSION

The trial court did not breach the plea agreement. It gave sufficient reasons for not following the District Attorney's sentencing recommendation. Further, the court did not abuse is discretion in sentencing Defendant. The sentences imposed are within the statutory limits, are justified by his prior criminal history, and are comparable with sentences imposed for similar crimes. Therefore, the sentences are affirmed as imposed.

AFFIRMED.

**STATE OF LOUISIANA**

**VERSUS**

**DAVID LEMELLE**

THIBODEAUX, Chief Judge, dissenting.

The United States Supreme Court has aptly observed that:

The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called 'plea bargaining,' is an essential component of the administration of justice. Properly administered, it is to be encouraged. If every criminal charge were subjected to a full-scale trial, the States and the Federal Government would need to multiply by many times the number of judges and court facilities.

Disposition of charges after plea discussions is not only an essential part of the process but a highly desirable part for many reasons. It leads to prompt and largely final disposition of most criminal cases; it avoids much of the corrosive impact of enforced idleness during pre-trial confinement for those who are denied release pending trial; it protects the public from those accused persons who are prone to continue criminal conduct even while on pretrial release; and, by shortening the time between charge and disposition, it enhances whatever may be the rehabilitative prospects of the guilty when they are ultimately imprisoned.

*Santobello v. New York*, 404 U.S. 257, 260-261, 92 S.Ct. 495, 498.

*Santobello* also recognized there is no absolute right to have a guilty plea

accepted and that a court may exercise its judicial discretion in rejecting a plea. *Id.*

at 262. However, *Santobello* equally recognized "that when a plea rests in any

significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id*. Due process is denied, *State v. Hayes*, 423 So.2d 11 (La.1992), and the constitutional right to fairness is abridged, *State v. Redfearn*, 441 So.2d 200 (La.1983), when the State or a court fails to comply with a validly-accepted plea agreement and a defendant is induced to plead guilty. That is exactly what happened in this case. The trial judge's cautionary remark to the Defendant that he was not bound by the plea agreement was predicated on the fact that the Defendant had one prior felony conviction. The sentencing transcript supports the fact that a deal between the prosecutor, and the defendant, and the court was consummated.

While I agree that the trial judge has the ultimate responsibility to impose a sentence and does not have to accept the joint recommendation of the State and a defendant, the trial court is bound by the plea agreement if the trial court was a participant. *See, e.g., State v. Redfearn*, 441 So.2d 200.

The Defendant's written plea agreement contained a recommendation of a ten-year sentencing cap with concurrent sentences. The trial judge asked the Defendant if he had been promised any leniency other than what was contained in the plea agreement. The Defendant replied that he had not been promised anything else. The trial court told the Defendant that:

> "I realize that on this Written Plea Agreement there are certain items provided, *one of which is a ten-year cap with concurrent sentences dealing with the crimes in this matter*. You realize that if I had a Pre-Sentence Investigation or other evidence that's showing other things, then the court is obviously not bound by this sentence? You do realize that?"

(emphasis added).

2

In the context of the plea agreement at issue in this case, "other things" clearly referred to the existence of more than one felony conviction. The Defendant responded affirmatively.

The State then asserted that "*[t]he judge is operating on the assumption that you have only one prior, right?*" (emphasis added). After a brief discussion, the trial judge asserts:

> "*I am operating on that premise, then*. If the Pre-Sentence Investigation tells me something different, I am not going to be bound by what's down here as to this ten-year cap. Do you understand that? In other words, *if I get a Pre-Sentence* that shows you've been convicted three times, and I'm taking that as an example, it can be one time, it can be two times but if I get a Pre-sentence *that indicates that you've been convicted two times, you're telling me once, then I am not bound by this agreement*. Do you understand that?"

(emphasis added).

Clearly, this colloquy demonstrates the judge agreed to the ten-year cap based on the premise that the Defendant had only one prior conviction. Nothing in the Pre-Sentence Report indicated more than one prior conviction. It did indicate other crimes. Those other crimes for which there were no convictions are what the judge relied upon in not agreeing to the ten-year cap. A fair reading of the trial transcript demonstrates that the judge did not say that he was going to take into consideration factors other than a prior conviction. If there was more than one prior conviction, then the ten-year cap would not apply. That was the basis of the tripartite agreement.

Simply stated, a deal is a deal. In this case, the trial court breached its promise that it would sentence the Defendant to concurrent ten-year sentences as indicated on the written plea agreement.

For the foregoing reasons, I dissent.

3