NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

06-936

STATE OF LOUISIANA

VERSUS

DIALLO MCCOY

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 02-820
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

GLENN B. GREMILLION
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Glenn B. Gremillion, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED.

Hon. J. Phillip Haney
District Attorney
300 Iberia Street, Suite 200
New Iberia, LA 70560
(337) 369-4420
Counsel for Plaintiff/Appellee:
    State of Louisiana

**Jeffrey J. Trosclair**
**Assistant DA 16th JDC**
**Courthouse, 5th Floor**
**Franklin, LA 70538**
**(337) 828-4100**
**Counsel for Plaintiff/Appellee:**
     **State of Louisiana**

**Richard Allen Spears**
**P. O. Box 11858**
**New Iberia, LA 70562-1858**
**(337) 367-1960**
**Counsel for Defendant/Appellant:**
     **Diallo McCoy**

GREMILLION, Judge.

The defendant, Diallo McCoy, pled guilty to a reduced charge of possession of 28 grams or more, but less than 200 grams, of cocaine, as a second offender. According to the written plea agreement, the State agreed to dismiss ancillary charges, to run the sentence concurrently with time owed in another docket number, and to not file a multiple offender bill. Otherwise, the plea was open-ended. Defendant was subsequently sentenced to serve thirty years at hard labor to run concurrently with a sentence imposed in another docket number. The trial court ordered that Orleans Parish immediately place him in the About Face Program so that he could get counseling for his gambling addiction.

Defendant then filed an appeal and we recognized as error patent the trial court's imposition of an illegally lenient sentence due to its failure to impose a mandatory fine. Thus, we vacated Defendant's sentence and remanded the case for resentencing. Additionally, we noted that the guilty plea minutes should be amended to reflect that Defendant pled guilty to the charge as a second offender. *State v. McCoy*, an unpublished appeal bearing docket number 05-1104 (La.App. 3 Cir. 3/1/06).

After resentencing, the trial court again ordered that Defendant serve thirty years at hard labor to run concurrently with time owed in another docket number.[1] He was recommended for the About Face Program and fined $100,000, also to be concurrent with the sentence owed in the other docket number. The trial court

---

[1] We note that the guilty plea form lists the other docket number as 97-996. At the original sentencing, the trial court referred to docket number 97-995 and at resentencing, it referred to docket number 97-975.

1

also ordered correction of the minutes of the guilty plea proceeding. Defendant filed a written motion to reconsider sentence, which was summarily denied by the trial court. He is now before this court contending his sentence is excessive.

## EXCESSIVE SENTENCE

Defendant claims his thirty-year sentence is excessive in light of his lack of violent history, his youth, and the significant cooperation he provided to law enforcement. Since he does not contend his fine is excessive, our review will be limited to the term of imprisonment. In resentencing Defendant to thirty years at hard labor, the trial court adopted its reasons provided at the original sentencing proceeding, which were as follows:

> I have the criminal history that I'll ask to be filed in the record. The criminal history shows that Mr. McCoy is a second offender, having previously been convicted for possession with intent to distribute cocaine on October 13, 1997, sentenced to serve 25 years at hard labor, suspended, and five years supervised probation. His probation was revoked on July 19th, 2002 after these charges were filed. But Judge Conery has deferred sentencing until these charges are completed and he is sentenced in this case.

> The court's going to consider the following in sentencing Mr. McCoy in this case.

> First of all, he pled guilty to possession of more than 28 grams but less than 200 grams of cocaine as a second or subsequent offender. Possession of more than 28 grams but less than 200 grams as a first offender would subject him to a sentence between five and 30 years and a fine from $50,000 to $150,000. As a second or subsequent offender, having previously been convicted as I have indicated, he is subject to a sentence from ten to 60 years and a fine from $100,000 to $300,000. So Mr. McCoy's exposure to what he has pleaded open-ended to is ten to 60 years and a fine from $100,000 to $300,000.

> The court considers that, of course, what he pled guilty to and his prior conviction; and that his prior conviction, he was sentenced to serve 25 years at hard labor. But he was given considerable consideration for that possession with intent to distribute because the whole sentence was

2

suspended and all he had to do was complete his probation, and then he wouldn't be exposed to the 25 years. However, during that probationary period, he of course committed this crime; plus, according to his testimony, many other distributions of cocaine and marijuana.

He's 28 years old approximately today. He's educated with three years of college; he's not an ignorant person. He is an educated person. He has had the advantage of going to college and educating himself. He has had the advantage with that education of being more susceptible to good employment in the labor market because of his education.

We have the previous conviction which I have indicated. Because of the fact that he was previously allowed to be on probation and committed many more offenses, including this one during the period he was on probation, he's not a good candidate for probation.

There is an undue risk that during probation, as he has done previously, he would commit another crime.

He is in need of correctional treatment and custody best provided by incarceration.

A lesser sentence would deprecate the seriousness of this crime.

He is a danger to society because he made drugs available and sold the drugs for substantial amounts of money and a substantial amount of income.

He of course, however, did not benefit society during the period of time that he was making all this money. He didn't pay taxes, he didn't provide anything to his family, he didn't really provide any substantial purchases for himself or for his children or for his girlfriend other than musical equipment.

He of course during that period of time injured many, many, many, many people in the communities, I would guess from Baton Rouge to here, according to what the testimony is. How many people's lives he has ruined by providing them with drugs, how many people's families have suffered because of the addiction of their family members purchasing drugs from Mr. McCoy, is unfathomable. And of course, these people are not without blame either. People who are addicted to drugs, of course, need to have more drugs unless they can face up to their addiction. But, like Mr. McCoy with an addiction for gambling, most people are not able to overcome their addictions without a substantial amount of help and without a substantial amount of damage. Those people may not be in jail, but they and their families suffer

3

considerably because of the fact that Mr. McCoy made substantial amounts of drugs available in the communities over a period of many years.

I also consider the fact that Mr. McCoy was a major player in the drug industry in this area. He knows the dealers, he knows the suppliers. After he got arrested on this incident, he tried to help himself of course by supplying dealers and information to the city police, the FBI, and the DEA. In order to supply information to the FBI and the DEA in particular, as well as the city police of course, Mr. McCoy had to have connections in more than just New Iberia and Baton Rouge; he had to have out-of-state connections, to be bringing drugs into the State of Louisiana, to know where to get them, and to get drugs in the quantities that he was obtaining them. So Mr. McCoy is not a minor player; he's a major player. And he knows the major players, which indicates to this court that if we let Mr. McCoy out again like we did before, then he's going to be right back doing the same thing. That's what history tells us. Of course, now that he's been in jail for a year, he's reformed. Everybody reforms while they're in jail. But the minute they get out, somehow they forget about the time they served in jail and how hard and how bad it was.

So, in order to protect society, this court feels like it can't just let Mr. McCoy off easily. Why? Because of the substantial amount of damage he's done to society and he owes society payment for the damages that he's done to their members. And of course also, this court has an obligation to see that other members in the community will not be at the same risk if I would let Mr. McCoy back out on the streets to do what in the past he has continued to do despite the arrest and conviction in 1997.

Mr. McCoy is a person of course of intelligence, able to complete three years of college. So he is able hopefully to rehabilitate himself while he's in jail so that he can come back and do the things he says he wants to do: to be with his family and to contribute to society. I believe that he is sincere in his intention, at least at this point in time while he's in jail.

The court also considers as a mitigating factor, a substantial mitigating factor, all of the help that he has given to the police officers to help try to curb the drug traffic that takes place. Of course, that is strictly self-interest for him to do that and why he did it, but it does benefit society. So he is entitled to some recognition for that. And it's a good thing he did that, because the inclination of this court is that if he hadn't done it, he'd be looking at 60 years in jail. So he has substantially benefitted himself by that help. He has substantially

4

benefitted society by that help, and this court is going to give him consideration for that.

However, he also has on the other side to pay his debt to society and society needs to be protected from him.

In *State v. Jeansonne*, 06-263, pp. 7-8 (La.App. 3 Cir. 5/31/06), 931 So.2d 1258, 1262-63, we set forth the standard to be employed in determining whether a sentence is excessive:

> [Louisiana Constitution Article I], § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

In order to decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, we have held:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may

> provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste,* 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook,* 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith,* 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied,* 03-0562 (La. 5/30/03), 845 So.2d 1061.

Defendant faced possible imprisonment for sixty years at hard labor for the crime of possession of cocaine, 28 grams or more, but less than 200 grams of cocaine, second offense. *See* La.R.S. 40:967(F)(1)(a) and La.R.S. 40:982.[2] Thus, Defendant received a mid-range sentence. On this record, we find that the trial court did not abuse its broad discretion and the sentence imposed is not unconstitutionally excessive. Defendant committed the instant offense while on probation for another offense and he received a substantial benefit from his plea bargain. He was allowed to plead guilty to possession of twenty-eight grams or more, but less than two hundred grams of cocaine, though he originally faced the greater charge of possession of two hundred grams or more, but less than four hundred grams of cocaine. Additionally, his remaining charges of aggravated flight from an officer and drug racketeering were dismissed as part of the plea bargain agreement and the State agreed not to file a habitual offender bill against him. Finally, Defendant's sentence

---

[2] We note the minimum sentence under La.R.S. 40:967(F)(1)(a) at the time of the commission of the offense was (and still is) five years. Louisiana Revised Statutes 40:967(G) denies parole eligibility prior to Defendant's service of the minimum sentence. Thus, the trial court should have imposed the sentence without benefit of parole for the first five years; however, this restriction is self-activating pursuant to La.R.S. 15:301.1(A). *See State v. Joseph,* 04-1240 (La.App. 5 Cir. 4/26/05), 901 So.2d 590, *writ denied,* 05-1700 (La. 2/3/06), 922 So.2d 1176.

6

is to run concurrently with his time owed in another docket number. Accordingly, the thirty-year sentence under the circumstances of this case is clearly not excessive and is affirmed.

## CONCLUSION

Defendant's sentence of thirty years at hard labor is affirmed.

_____**AFFIRMED.**