NORRIS, Judge.
Defendant Donald E. Robbins appeals as excessive a sentence of thirty-five years at hard labor for conviction on one count of armed robbery, LSA-R.S. 14:64. He contends that the sentence he received was longer than one offered in an attempted plea bargain. Finding no merit in this argument, we affirm.
The facts were mostly uncontested and, since they do not form the basis of any argument on appeal, we will discuss them very briefly. Donald Robbins, along with his brother Leon and three other confederates, met in a motel room on the night of October 10, 1983, to plan the armed robbery of a pharmacy. They also tentatively planned to rob another nearby pharmacy. Defendant and the two confederates who entered the store all obtained handguns for the robbery and all dressed in baggy clothing in which the pistols could be concealed. They also concealed in their clothes large garbage bags in which to carry the drugs they would steal. . All wore plastic gloves so there would be no fingerprints. When they entered the drugstore the following morning to commit the robbery, they advanced to the counter and almost into the storage area before anyone suspected them. Although they fired at no one, they took a large quantity of schedule drugs and tied up all the employees and custom *914 ers with nylon stockings they had brought along for the purpose.
The escape plan was also complex. The three robbers drove off in one car while one confederate stood in a nearby phone booth to watch for the police and to signal with a red bandana to the fifth confederate, who was in his own car. Because the police came so soon, the confederates had to pursue their escape route in haste. They ditched one ear at the fairgrounds and drove off in the other. They then returned to defendant’s home. When the police arrived, Robbins was sitting in his living room. The confederates had fled; the police caught them pounding on the door of a neighbor’s house.
The scheme failed for two reasons. First, employees at the Burger King across the street from the drugstore noticed the getaway car parked on their lot. When they saw the two men and woman hurry back to the car with a large garbage bag, they grew suspicious and called the police. The police arrived so quickly that the robbers abandoned their plan to hit the other pharmacy. Second, one of the pill bottles taken in the robbery was booby-trapped with an electric transmitting device. By following its signals, the police surrounded defendant’s home within minutes of his return. After securing valid search warrants and consent forms, the police found the guns, the drugs, the bandana and other evidence of the crime. These items were found in the getaway cars, in defendant’s home, and under the neighbor’s house.
The bill of information charged Robbins with three counts of armed robbery. The separate counts covered robbery of the pharmacist, the pharmacist’s employee, and an elderly customer from whom defendant allegedly stole a ten dollar bill. The other defendants mostly fared well. Defendant’s brother, Leon, skipped bail. Of the two confederates who accompanied Robbins into the store, one pled guilty to attempted armed robbery and got four years; the other pled guilty to one count of armed robbery and got twenty-five years. The girl who waved the bandana pled guilty as an accessory .after the fact and received two years. The two confederates who received light sentences testified against Robbins as part of their plea bargains.
Defendant also received an offer to plea bargain. According to a letter from the assistant district attorney, the state would drop two counts if defendant pled guilty to one, on which he would receive thirty years at hard labor. The state further agreed not to prosecute defendant as a multiple offender. Defendant declined this offer and went to trial. The jury acquitted him on two counts. On the count of robbing the pharmacist, however, they found him guilty by a vote of 10-2. The trial judge subsequently sentenced defendant to thirty-five years at hard labor without benefit of parole, probation or suspension of sentence.
In his first assignment of error, Robbins claims that his sentence of thirty-five years at hard labor is excessive in light of the evidence. However, he has not developed this claim in his brief, except as it bears on the subject of his second assignment, the failed plea bargain. By framing the assignment of error, Robbins properly preserved the issue for appeal. LSA-C. Cr.P. art. 920(1); cf. State v. Allen, 451 So.2d 618 (La.App. 5th Cir.1984). But by failing to argue or provide any elaboration whatsoever, he has abandoned the issue. Unif.R.—Ct.App. Rule 2-12.4; State v. Wright, 445 So.2d 1198 (La.1984).
The usual means of challenging an excessive sentence is to urge noncompliance with the mandatory sentencing guidelines of LSA-C.Cr.P. art. 894.1. But Robbins has neither argued this nor designated the sentencing colloquy as part of the record. Accordingly, we cannot study it in light of article 894.1, which at any rate Robbins has not cited on appeal.
Every criminal defendant is constitutionally protected against excessive punishment. LSA-Const. Art. I § 20. We note that the length of the sentence is argued in assignment number two. So out of abundant caution we have reviewed the *915 record and conclude that the sentence imposed is not excessive. We are impressed by the great detail of the criminal scheme, the large conspiracy, the intent to rob yet another pharmacy and, of course, the inherent danger of a crime committed at the point of a gun. We are also impressed by defendant’s extremely long criminal record. The sentence is slightly over one.-third of his total exposure and seems fully justified. There is no constitutional infirmity. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983); writ denied 438 So.2d 1112 (La. 1983).
In his second assignment of error, Robbins contends he received a more severe sentence by protesting his innocence and going to trial. He claims it is impermissible to punish him for exercising his right to trial.
Neither defendant nor the state argues that the sentencing judge was a party to any plea negotiations. The law is extremely well settled that a judge who is uninvolved in plea negotiations is not obligated to restrict his sentencing authority. State v. Williams, 341 So.2d 370 (La.1976); State v. Collins, 359 So.2d 174 (La.1978). Thus, even if the parties negotiated a guilty plea and both sides complied, the sentencing judge would not be required to abide by its terms. The judge is an extraneous party to the agreement. State v. Nall, 379 So.2d 731 (La.1980); cf. Cooper v. United States, 594 F.2d 12 (4th Cir. 1979). Sentencing is a matter of the trial judge’s discretion. LSA-C.Cr.P. arts. 893, 894, 894.1. The parties can recommend a sentence but the final decision lies with the judge.
Furthermore, there is no evidence of prosecutorial malice such as to violate due process. Bordenkircher v. Hayes, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). The paramount consideration is to foster plea bargains. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). In the recent ease of United States v. Goodwin, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982), the defendant was charged with several misdemeanor and petty federal offenses. He initiated plea negotiations but broke them off, deciding to go to trial. The government prosecutor then secured a felony indictment arising out of the same conduct which constituted the lesser offenses. The jury convicted the defendant on the felony count. In affirming, the Supreme Court said,
[J]ust as a prosecutor may forgo legitimate charges already brought in an effort to save the time and expense of trial, a prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded. 457 U.S. at 380, 102 S.Ct. at 2492.
The same rationale applies where, as here, the defendant is subjected to a longer yet legal sentence on the original charge because he chose to forego a plea bargain. See also Frank v. Blackburn, 646 F.2d 873 (5th Cir.1980), in which a trial judge had promised defendant a twenty-year sentence in exchange for a guilty plea, but after defendant refused, went to trial and was convicted, the judge imposed a sentence of thirty-three years. The United States Fifth Circuit considered in detail the bases and justifications of plea bargaining, noted the absence of vindictiveness, and determined that the longer sentence did not violate due process. The court summarized,
If a defendant can successfully demand the same leniency after standing trial that was offered to him prior to trial in exchange for a guilty plea, all the incentives to plea bargain disappear; the defendant has nothing to lose by going to trial. 646 F.2d at 883.
We think this reasoning applies to the instant case and disposes of appellant’s argument.
Finally, the procedure here does not “shock the judicial conscience.” State v. Caminita, 411 So.2d 13 (La.1982), cert. denied 459 U.S. 976, 103 S.Ct. 314, 74 L.Ed.2d 291 (1982). The defendant voluntarily took his chances with the jury and the judge. It *916 is too late to recede from that choice. This assignment lacks merit.
CONVICTION AND SENTENCE AFFIRMED.