12 So.3d 1047 (2009)
STATE of Louisiana, Appellee,
v.
Mary CHEATHAM, Appellant.
No. 44,247-KA.
Court of Appeal of Louisiana, Second Circuit.
May 13, 2009.
*1048 Louisiana Appellate Project, by W. Jarred Franklin, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Marcus Patillo, Assistant District Attorneys, for Appellee.
Before CARAWAY, PEATROSS & MOORE, JJ.
PEATROSS, J.
Pursuant to a plea bargain agreement, Defendant, Mary Cheatham, pled guilty to two counts of forgery and was sentenced to ten years' imprisonment at hard labor on each count, with the sentences to be served concurrently with each other, but consecutive to any other sentence. Defendant now appeals. For the reasons stated herein, the portion of Defendant's sentence ordering her sentences are to be served *1049 consecutively with any other sentence, specifically the sentence in Docket No. 149,510, is vacated and the matter is remanded to the trial court for resentencing in accordance with the plea bargain agreement. In all other respects, the sentences of Defendant are affirmed.

FACTS
Defendant was charged by bill of information with five counts of forgery, contrary to La. R.S. 14:72. The crime of forgery is punishable by a fine of not more than $5,000, or imprisonment, with or without hard labor, for not more than ten years, or both. See La. R.S. 14:72 D. Defendant pled guilty pursuant to a plea bargain agreement, which is evidenced by the following discussion at Defendant's guilty plea proceedings:
MRS. HALTERMAN: Your Honor, I have gone over the plea offer with Ms. Cheatham. She is charged with five counts of forgery. The plea offer is that she pleads guilty to two counts with a PSI, and there is an agreement that whatever sentence she received would be concurrent to each other and I believe with any other sentence she would be serving, and that there would be no multi-bill filed against this defendant.
MR. PATILLO: That is our offer, Your Honor.
THE COURT: What's the max, twelve?
MRS. HALTERMAN: I believe zero to ten.
THE COURT: Ms. Cheatam [sic], are you prepared to take that plea bargain?
MS. CHEATAM [sic]: Yes, sir.
* * *
THE COURT: You understand the sentence is up to me?
MS. CHEATAM [sic]: Yes, sir.
THE COURT: Anybody made any promises or threats to You to get you to plead guilty other than what we've talked about up here?
MS. CHEATAM [sic]: No, sir.
A presentence investigation (PSI) report was ordered. The trial court thoroughly advised Defendant of her rights pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and made a diligent effort to determine her competence, literacy and understanding. Defendant's guilty plea was then accepted:
THE COURT: Guilty plea is entered. A presentence investigation is ordered, and I'm going to direct the department to put in their report the sentence is to run concurrent and that there is to be no multi-bill ...
At the subsequent sentencing hearing, the trial judge noted that he had considered Defendant's extensive criminal history, including her fourth felony offender status and her extraordinary number of charges and convictions for issuing worthless checks over the course of many years. The trial judge noted for the record the factors set forth in La. C. Cr. P. art. 894.1. In mitigation, the trial judge observed that letters in support of Defendant were received and their contents were reviewed and considered. The trial court then imposed sentences of ten years' imprisonment at hard labor on each count, to be served concurrently with each other, but consecutively with any other sentence, specifically referencing Defendant's sentence in Docket No. 149,510.
Defendant was advised of her right to post-conviction relief and the time limitations for said relief. Defendant timely filed a motion to reconsider sentence. A hearing was held and Defendant argued that her sentence was excessive, specifically noting the low monetary amount of $625 *1050 which was involved in the forgery conviction. It was also noted that full restitution had been made and that the letters written on Defendant's behalf had been submitted. The trial judge denied Defendant's motion to reconsider sentence, specifically noting her "very long history of forgery and theft." This appeal ensued.

DISCUSSION
Assignment of Error Number One (verbatim): The sentences imposed are excessive for this offender and these offenses.
Defendant argues that she should not have been sentenced to the maximum sentences for her convictions because maximum sentences are reserved for the most egregious of offenders and Defendant was not such an offender. The State counters that, given Defendant's lengthy criminal history, the ten-year hard labor jail sentences to be served concurrently with each other were not out of proportion to the seriousness of the numerous forgery offenses actually committed by Defendant. We agree.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating factor so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 07-0805 (La.3/28/08), 978 So.2d 297.
The goal of La. C. Cr. P. art. 894.1 is the articulation of the factual basis for a sentence, not the rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La. 1982); State v. Swayzer, 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267. The important elements which should be considered are the defendant's prior criminal record, the seriousness of the offense, the likelihood of rehabilitation and his personal history, including his age, family ties, marital status, health and employment record. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 07-0144 (La.9/28/07), 964 So.2d 351.
Second, a sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La. App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. In cases where a defendant has pled guilty to an offense which does not adequately describe his conduct or he has received a *1051 significant reduction in potential exposure to confinement through a plea bargain agreement, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. Id.; State v. Germany, 43,239 (La.App.2d Cir.4/30/08), 981 So.2d 792. Absent a showing of manifest abuse of that discretion, a sentence will not be set aside as excessive. State v. June, 38,440 (La. App.2d Cir.5/12/04), 873 So.2d 939; State v. Lingefelt, 38,038 (La.App.2d Cir.1/28/04), 865 So.2d 280, writ denied, 04-0597 (La.9/24/04), 882 So.2d 1165; State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
In the case sub judice, the record shows that the trial judge adequately considered both aggravating and mitigating circumstances, thereby complying with La. C. Cr. P. art. 894.1. The record further indicates that the trial judge tailored the sentences to Defendant and the specific offenses she committed. Defendant has a very long history of forgery and theft. Further, Defendant received a substantial benefit by having all of the sentences for each conviction in this case run concurrently with each other. We do not find that the trial judge manifestly abused his discretion in sentencing Defendant. Defendant's argument regarding the excessiveness of her sentences is without merit.
At Defendant's sentencing, the trial judge ordered that Defendant's sentences run concurrent with each other, but consecutive with any other sentence, specifically the sentence in Docket No. 149,510. Defendant, therefore, argues for the first time on appeal that the trial judge failed to honor the portion of the plea bargain agreement specifying that Defendant's sentences would run concurrently with each other and with any other sentence. Defendant contends that the portion of the trial court's order specifying consecutive sentences violates the original agreement between herself and the "trial court." According to Defendant, the trial court's failure to honor the agreement renders Defendant's guilty plea involuntary because she was induced to plead by the false promise of concurrent sentences. Defendant does not seek a withdrawal of her guilty pleas, but rather only that the sentences be vacated and remanded for resentencing in accordance with the original plea bargain agreement.
In response, the State sets forth the following concession in its brief:
The State of Louisiana agrees that the issue can be reviewed as an "error patent on the face of the record" and that as part of the plea agreement the ten year hard labor sentence should not be served as a consecutive sentence with any sentence in Docket No. 149,510.
A plea bargain agreement is considered to be a contract between the State and the criminal defendant. State v. Davis, 41,430 (La.App.2d Cir.11/1/06), 942 So.2d 652; State v. Wynne, 40,921 (La. App.2d Cir.4/12/06), 926 So.2d 789; State v. Peyrefitte, 04-0742 (La. 10/15/04), 885 So.2d 530. If the State is a party to a plea bargain agreement, the bargain must be enforced. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); State v. Redfearn, 441 So.2d 200 (La. 1983); State v. Carriere, 611 So.2d 781 (La.App. 4th Cir.1992). Although an irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence (see La. C. Cr. P. art. 841), Defendant's complaint is that the trial court failed to enforce a plea bargain agreement, which renders her guilty plea constitutionally infirm. See State v. Dixon, 449 So.2d 463 (La.1984); State v. Anderson, 27,356 (La.App.2d Cir.9/27/95), 661 So.2d 542.
*1052 A guilty plea cannot be withdrawn after sentencing unless it is shown that the facts surrounding the guilty plea render it constitutionally deficient. State v. Taylor, 535 So.2d 1229 (La.App. 3d Cir. 1988). A guilty plea is invalid when the defendant is induced to plead guilty by a plea agreement and the terms of the bargain are not satisfied. State v. Dixon, supra; State v. Beverly, 37,301 (La.App.2d Cir.8/20/03), 852 So.2d 1149. When a plea bargain is breached, the defendant has the option of specific performance or to withdraw the guilty plea. State v. Byrnside, 34,948 (La.App.2d Cir.8/22/01), 795 So.2d 435.
We find that the trial court's failure to enforce the portion of the plea bargain agreement specifying that Defendant's sentences were to be served concurrently with any other sentence renders Defendant's guilty plea constitutionally infirm. See State v. Dixon, supra; State v. Anderson, supra. Since the State is a party to Defendant's plea bargain agreement, the plea bargain agreement with Defendant must be enforced. See Santobello v. New York, supra; State v. Redfearn, supra; State v. Carriere, supra. Accordingly, the portion of Defendant's sentence ordering that her sentences are to be served consecutively with any other sentence, specifically the sentence in Docket No. 149,510, is vacated and the matter is remanded to the trial court for resentencing in accordance with the plea bargain agreement.

CONCLUSION
For the foregoing reasons, the portion of Defendant's sentence ordering that her sentences are to be served consecutively with any other sentence, specifically the sentence in Docket No. 149,510, is vacated and the matter is remanded to the trial court for resentencing in accordance with the plea bargain agreement. In all other respects, the sentences of Defendant are affirmed.
SENTENCE AFFIRMED IN PART, VACATED IN PART AND REMANDED FOR RESENTENCING.