# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-353

**STATE OF LOUISIANA**

**VERSUS**

**JOE LEWIS, JR.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 331,649
HONORABLE THOMAS M. YEAGER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy Howard Ezell, and Candyce G. Perret, Judges.

**CONVICTIONS AFFIRMED;
SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

**J. Phillip Terrell, Jr.**
**District Attorney**
**Ninth Judicial District Court**
**Catherine L. Davidson**
**Brian Mosley**
**Assistant District Attorneys**
**P. O. Drawer 1472**
**Alexandria, La 71309**
**(318) 473-6650**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**Paula C. Marx**
**Louisiana Appellate Project**
**P. O. Box 82389**
**Lafayette, LA 70598-2389**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Joe Lewis, Jr.**

**SAUNDERS, Judge.**

On December 6, 2016, Defendant, Joe Lewis, Jr., was charged by bill of information with three counts of possession of CDS II, in violation of La.R.S. 40:967(C).[1] On Monday, October 16, 2017, Defendant appeared before Judge Thomas Yeager with trial scheduled for that week on the instant case and Defendant's trial court docket number 331,931.[2] At that time, Judge Yeager revoked Defendant's bond on an unrelated booking, referred to as DA number 116-4820, for multiple drug-related charges. Judge Yeager also noted Defendant was scheduled for trial the following day.

On October 17, 2017, the trial court transferred Defendant's case out of Judge Yeager's division so that Judge Beard could hold a dangers and disadvantages conference and then proceed to trial if warranted. Judge Beard, now in charge of the case, invited Defendant and the State to resume plea negotiations. At the end of the hearing, the State informed Judge Beard that "[p]er our agreement, we are going to write up a plea form." Judge Beard responded "[o]kay." Judge Beard then set the case for Judge Doggett to take the plea after lunch.

Still on October 17, 2017, Defendant appeared before Judge Mary Doggett, at which time the State presented the court with a "Plea of Guilty and Waiver of Rights" form, signed by Defendant and Defendant's trial counsel. Per the plea form, Defendant was pleading guilty to all charges in trial court docket numbers 331,649 and 331,931, in exchange for a four-year Department of Corrections sentence on each count with said sentences to run concurrently with each other, credit for time

---

[1] Although all three counts are possession of CDS II, each involves a different drug: oxycodone, methadone, and hydrocodone, respectively.

[2] Defendant's conviction and sentence on trial court docket number 331,931, will be addressed in his companion appeal under docket number 18-504.

served, and the State agreed not to file a habitual offender bill of information and to dismiss DA number 116-4820, which contained multiple distribution and possession with intent to distribute charges. After properly Boykinizing Defendant, Judge Doggett signed the plea form and accepted Defendant's plea of guilty to all charges. At that time, Judge Doggett stated:

> Okay. Well, um, I hope he's not changing it. Mr. Lewis, for Possession of CDS I, I am giving you, ordering you to serve 4 years with the Department of Corrections at hard labor and same sentence on each count of the Possessions of CDS II. Okay? I'm running them concurrent with each other. No? Maybe I'm not.
>
> **BY THE LAW CLERK:** He said he could plead in the dark and he would sentence him. (Inaudible)
>
> **BY THE COURT:** Okay. He said no. He said you - he could only plead in the dark. See, I knew he would have a problem with me taking the plea for him. Well, he's basically telling me I can't take his plea. (Inaudible) Oh, well that's bad.[3]

Subsequently, it was ordered that Defendant be brought before Judge Yeager the following morning. At that time, Judge Yeager stated:

> Mr. Joe Lewis. 331,931. Your attorney is not here, Mr. Lewis, and it's my understanding they tried to go behind my back to take a guilty plea yesterday. The only person you can plead guilty in -- from is in front of me, and they can not change the sentence, sir. So I'm gonna set -- I'm gonna reset you for trial. Unless your attorney is here and you want to plead guilty in front of me (interrupted)

At that time, Judge Yeager vehemently insisted that if someone in his division chose not to plead guilty on Monday of trial, they could not get an agreed-upon sentence and would have to plead in the dark before him and specifically stated "He had a trial to plead guilty. I'm not gonna call a jury in here on Tuesday and spend twenty-five hundred dollars on a jury for him to enter a plea of guilty that he could have taken months ago."

---

[3]Prior to taking Defendant's plea, Judge Doggett sent a law clerk to let Judge Yeager know that she was accepting Defendant's plea.

On November 22, 2017, Defendant filed a "Motion to Enforce Plea Agreement and Memorandum of Law" seeking specific performance of the plea agreement entered into by Defendant and the State and accepted by Judge Doggett in writing and in open court on October 17, 2017. A hearing was held, at which time Judge Yeager again accused Defendant's trial counsel of engineering a plea deal behind his back and reiterated that he would not allow a defendant to get a set sentence plea after the Monday of a trial week. Judge Yeager at no point denied that the case had been transferred to Judge Beard for a dangers and disadvantages hearing or for trial if Defendant wished to proceed thereafter. Finally, Judge Yeager stated "In this case, there's not a completed agreement. He's not been sentenced. There is nothing to his detriment, uh, that's been done at this time. So your request to enforce the plea agreement is denied[]." Defendant sought review of that ruling with this court, but his writ application was deficient and was denied on the showing made. *See State v. Lewis*, 18-80 (La.App. 3 Cir. 3/13/18) (unpublished opinion).

Defendant ultimately went to trial on the instant case on January 9, 2018, and was found guilty as charged on all three counts of possession of CDS II. On February 28, 2018, Defendant was sentenced to serve five years at hard labor on each conviction with the sentences run concurrently to each other but run consecutively with trial court docket number 331,931. Defendant now appeals his convictions and sentences. For the following reasons, we find that Defendant is entitled to specific performance of his plea agreement, accepted by Judge Doggett in writing and in open court on October 17, 2017. Accordingly, Defendant's convictions are affirmed, but his sentences are vacated and remanded to the lower court for resentencing in accordance with the plea agreement.

3

**FACTS:**

On May 19, 2016, Defendant was pulled over by Corporal Adam Dupuy and Officer Thomas Rodney of the Alexandria Police Department after they noticed Defendant's vehicle had no license plate lights and a temporary tag dated five months out, when the limit is sixty days. While retrieving Defendant's insurance paperwork from the glove compartment of the vehicle, Corporal Dupuy noticed a white pill on the floorboard of the driver's side and multiple white pills in a baggy on the passenger seat. It was ultimately determined Defendant had hydrocodone, oxycodone, and methadone in the vehicle, all Schedule II Controlled Dangerous Substances under La.R.S. 40:964.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find no errors patent.

**ASSIGNMENT OF ERROR NUMBER ONE:**

Defendant's first assignment of error, both in this case and Defendant's companion docket number 18-504, is that the trial court erred in denying his motion to enforce the guilty plea. Defendant contends that he and the State entered into a plea agreement and that he is entitled to specific performance of said plea agreement since Judge Doggett accepted his plea in writing and open court, even going so far as to begin sentencing him. The State disagrees, contending that:

> Judge Doggett did not accept the plea and in fact questions taking the plea at all. At that time, Judge Yeager's order related to the plea agreement indicated the Defendant could plea in the dark: meaning a plea agreement could not restrict Judge Yeager's sentencing authority. The trial court is under no duty to accept a plea bargain that restricts its sentencing authority. *State v. Collins*, 359 So.2d 174 (La.1978).

4

We find that the State's contention that "Judge Doggett did not accept the plea" is not accurate. The transcript clearly shows that Judge Doggett found Defendant's "plea of [g]uilty [was] free and voluntary and I'll take his plea at [that] time." Furthermore, the written plea agreement, drawn up by the State and executed by both Defendant and his trial counsel, was signed by Judge Doggett. Additionally, the State's reliance on *Collins* is misplaced. In *Collins*, the defendant had gone to trial and the jury was in deliberations when the State and the defendant reached a plea agreement. However, the trial court stated it would not accept the plea as agreed upon and the jury returned a verdict before the plea was ever accepted, either orally or in writing. Thus, the supreme court would not make the court accept the plea when the jury returned a verdict before the plea was accepted. That is not the case before this court.

The relevant portion of Rule 3.1 of the Rules for the Ninth Judicial District Court stated, at the time of Defendant's plea, the following[4]:

> Criminal trials will normally be tried in courtroom #5 and #6. Courtroom #5 will primarily be used for the drug court. In the event the Judge in either courtroom completes the docket assigned to that courtroom, that Judge shall be transferred the next available criminal trial on the trial docket of the other courtroom for that week.
>
> In the event that a Judge sitting in courtroom #3 or #4 finishes the civil docket for that week, the Judge shall then be available to handle criminal cases if multiple criminal cases are ready for trial in courtroom #5 or #6. The Judge in courtroom #3 shall take the next available criminal case on the trial docket from courtroom #6. The next available criminal case will be assigned to the Judge in courtroom #4. If the Judge in courtroom #3 is not available due to the civil docket or otherwise, then the next available criminal case on the docket in courtroom #6 will be transferred to the Judge in courtroom #4.
>
> These transfers are designed to facilitate the orderly disposition of criminal cases set for trial and prevent congestion of the criminal docket. The transfers of criminal cases will be coordinated by the Court Administrator.

---

[4]We note that Rule 3.1 has since been amended to specifically state that "Any judge of the court may accept a plea in any felony or misdemeanor case though not allotted to the division of the judge accepting the plea. However, the case will remain with the division of the judge to which it was allotted no matter which judge accepted the plea." (*See* District Court Appendices.)

5

The State's remaining argument that a judge who is uninvolved in plea negotiations has the right to refuse to restrict his sentencing authority is likewise misplaced. The State cites *State v. Williams*, 341 So.2d 370 (La.1976); *Collins*. 359 So.2d 174; and *State v. Robbins*, 471 So.2d 912 (La.App. 2 Cir.1985). These all involved cases where the trial court did not accept a plea agreement between the State and the defendants. Furthermore, the State cites *State v. Nall*, 379 So.2d 731 (La.1980), wherein the issue was whether the State was bound to a plea agreement when its agreement was based on false premises presented by the defendant. Thus, none of these cases provide guidance in the instant case, where Defendant's plea agreement with the State was actually accepted without reservation in open court.

In *State v. Hamilton*, 96-807 (La.App. 4 Cir. 6/7/96), 677 So.2d 539, the fourth circuit found that where a plea agreement setting out a specific sentence to be received was made between the State and the defendant, and the trial court accepted the agreement in writing, the court could not deviate from the agreement it had accepted. The court specifically stated:

> In the instant case there was a specific and unambiguous plea struck by the State, the defendant and the court, as evidenced from the signed forms mentioned above. The defendant knew at all times that she had bargained to be charged as a twice instead of a thrice convicted felon in exchange for a 30 months sentence. Here the State did not renege, but the trial judge decided *ex parte* to impose a sentence of his choosing without regard to the contract confected by all the parties, including the trial judge, when he imposed a lesser sentence than agreed upon. Although in this case a specific agreement had clearly been reached, and the State and the defendant had fully and substantially performed on the State's side of the bargain, the State was aggrieved by the failure of the court to perform a promise upon which the State had relied to its tangible detriment. The consent of all parties was one of the requisites for a valid agreement, and the contract created obligations on all the parties to perform the contract in good faith. La.C.C. arts. 1823–1824. In the particular agreement here, the "cause" for the State's agreement was a guilty plea in return for the diminished culpability of the defendant under the habitual offender law along with a 2½ year sentence.

6

When the trial court was requested to remedy this breach, the trial court failed to give the appropriate remedy, specific performance or recision of the contract, and denied the State's motion for reconsideration of sentence.

*CONCLUSION*

Properly administered pleas of guilty benefit all concerned; the guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. The defendant avoids extended pretrial incarceration and the anxieties and uncertainties of a trial, gains a speedy disposition of her case, gets a chance to acknowledge her guilt and a prompt start in realizing whatever potential there may be for rehabilitation. Judges and prosecutors conserve vital and scarce resources. The public is protected from the risks posed by those charged with criminal offenses who are at large on bail while awaiting completion of criminal proceedings. These advantages can be secured, however, only if dispositions by guilty plea are accorded a great measure of finality. *Blackledge v. Allison,* 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

*Hamilton*, 677 So.2d at 543.

Furthermore, the fourth circuit reviewed when a plea agreement becomes enforceable in *State v. Anthony*, 99-107 (La.App. 4 Cir. 4/7/99), 735 So.2d 746, *writ denied*, 99-1360 (La. 6/25/99), 746 So.2d 606. In *Anthony*, the State and the defendant reached a plea agreement, which was presented to the trial court. After consulting with the victims' families, the trial court refused to accept the agreed-upon sentence. The trial judge eventually recused himself and upon appointment a new judge granted a motion to enforce the rejected plea agreement. In reversing said grant, the fourth circuit noted:

In *State v. Hamilton,* 96–0807 (La.App. 4 Cir. 6/7/96), 677 So.2d 539, this court found that the trial court was bound to the plea agreement where the trial court had **signed** both the guilty plea forms on the underlying felony and the multiple bill, and the plea forms contained a specific sentence rather than a sentencing range. In the present case the trial court did not sign the guilty plea form, and therefore, the plea agreement as a compromise was not reduced to writing where all the parties were bound.

In a criminal case, the trial court shall not accept a plea of guilty or nolo contendere, without first addressing the defendant personally in open court. La.C.Cr.P. art. 556.1. This article indicates that the final

7

phase of the negotiations of a plea agreement is the acceptance by the trial judge. In some cases prior to a final plea agreement, the trial judge may declare that he will only take the State's negotiations for sentencing as a recommendation. *State v. Landry,* 97–1460 (La.App. 3 Cir. 5/6/98), 711 So.2d 853.

In the present case it is apparent that the trial judge thought that upon completion of plea negotiations, he still would have the right to determine whether he would approve or accept the plea agreement when it was presented to him. The trial judge was not committed until he reviewed the plea agreement upon the completion of the plea negotiations. He would be the last party to accept the last negotiations.

*Anthony*, 735 So.2d at 750-51.

As recognized by the fourth circuit, a plea agreement is not enforceable until it has been accepted by the trial court. In the instant case, Judge Doggett accepted the plea agreement in writing and in open court.

Finally, in *State v. Cheatham*, 44,247 (La.App. 2 Cir. 5/13/09), 12 So.3d 1047, the trial court accepted a guilty plea from a defendant which included a Pre-Sentence Investigation and a sentencing range, but specifically noted the sentences were to run concurrent with each other and any other sentences she might have. At sentencing, however, the trial court ordered her sentences to run consecutively to any other sentences she might have outstanding. The second circuit held it was a breach of the plea bargain and "remanded to the trial court for resentencing in accordance with the plea bargain agreement." *Cheatham*, 12 So.3d at 1052.

Here, the trial court transferred Defendant's case out of Judge Yeager's division so that Judge Beard could hold a dangers and disadvantages conference and then proceed to trial if warranted. Judge Beard, now in charge of the case, invited Defendant and the State to resume plea negotiations. The State and Defendant reached a plea agreement, and Judge Beard set the case for Judge Doggett to take the plea after lunch. Judge Doggett accepted the plea agreement, both in writing and in open court. She then pronounced the sentence before deciding to stop and send

8

the matter back to Judge Yeager after learning he was upset about the plea agreement. The local Rules of Court specifically allowed for criminal cases to be transferred for the purposes of trial, and Defendant was accordingly properly before Judge Beard, who initiated the plea bargain and set the matter for Judge Doggett to accept the plea. Judge Doggett's verbal and written acceptance of the plea made the plea enforceable. Judge Yeager's refusal to accept the plea, after it had already been properly accepted by Judge Doggett, was a violation of the plea agreement.

"When a plea bargain is breached, the defendant has the option of specific performance or to withdraw the guilty plea." *Cheatham*, 12 So.3d at 1052. Defendant sought specific performance of the plea prior to his trial and Judge Yeager refused to consider honoring the plea. Defendant again seeks specific performance of the plea, relief to which we find that the law clearly states he is entitled. Accordingly, Defendant's sentences are vacated and the case is remanded to the trial court for resentencing in accordance with the plea agreement accepted by Judge Doggett on October 17, 2017.

**ASSIGNMENT OF ERROR NUMBER TWO:**

In his second assignment of error, Defendant argues there is insufficient evidence to support his three possession convictions in the instant case. We recognize that typically, this court reviews sufficiency claims first, due to the possibility of an acquittal should there indeed be insufficient evidence. *See State v. Hearold*, 603 2d 731 (La.1992). However, due to the highly unusual circumstances surrounding this case, we will not address the merits of Defendant's sufficiency claim.

**ASSIGNMENT OF ERROR NUMBERS THREE AND FOUR:**

9

Due to our finding that the plea agreement accepted by Judge Doggett on October 17, 2017, need be enforced, Defendant's remaining assignments of error concerning his sentences are moot. Accordingly, we will not address them.

**<u>DECREE</u>:**

Defendant's convictions are affirmed. Defendant's sentences are vacated, and the case is remanded to the trial court for resentencing in accordance with the plea agreement accepted by Judge Doggett on October 17, 2017.

**CONVICTIONS AFFIRMED;**
**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**